Per Curiam.

The statute upon which the plaintiff has brought his action, can hardly be considered as a penal one. If it were, this court, following the practice and adopting the principles of the Courts of Equity, would refuse to grant the prayer of the petition. But the act in question is to be viewed, rather as a remedial act, and we may grant the relief sought, if the petitioner has presented a proper case for our interposition. The courts of law are not compelled, by the provisions of the revised statutes, to grant relief upon all occasions, but they are clothed with a discretion, to be exercised according to circumstances.
In this case, the plaintiff can have all the relief he requires, by pursuing the usual practice. He may give the defendant notice to produce the subpoena at the trial, and if he refuse to do so, the plaintiff can then give secondary evidence of its contents. The prayer of this petition must, therefore, be denied ; but we deny it without costs, and wish it to be understood, that witnesses, who disobey the process of subpoena, must abide the conse. quences of their disobedience, and will not meet with any particular favor from the court.

Prayer of the petition denied, without costs.

[D. Graham, Jun., Att’y for the plff. J. R. Whiting, Att’y for the deft.]