Van Zandt agt. Cobb.

———————

# SUPREME COURT.

## Van Zandt agt. Cobb.

By § 388 of the Code, the court, or a judge, *may*, in their *discretion*, order either party to give to the other a copy of papers under his control containing evidence relating to the merits of the action or defence.

It would not be discreet ever to grant the motion where the production of the paper would help to deceive; and where there is a party in being who can be called upon to tell the whole truth, and then to produce the paper required.

So held, where the defendant, who wished to prove a counter-claim, applied for the delivery, by the plaintiff, of an account rendered by the defendant to the plaintiff, and which account the plaintiff claimed was objectionable—and the objections had been stated to the defendant alone, which statement the plaintiff was unable to prove, if the account, as it stood, was delivered to the defendant as evidence of his counter-claim.

Van Zandt agt. Cobb.

*New-York Special Term, July, 1855.*

JAMES W. GERARD, *for plaintiff.*
SAMUEL SHERWOOD, *for defendant.*

MITCHELL, Justice.    The defendant, wishing to prove a counter-claim, moves that the plaintiff produce an account rendered by the defendant to the plaintiff.    The affidavits show that a paper purporting to be an account was rendered by a clerk, but the clerk cannot prove its contents.    The plaintiff, objects to the motion, alleging that the mere production of the paper will be a concealment of part of the truth, as injurious to him as a direct falsehood; that immediately after receiving it, he called on the defendant and objected to the correctness of the charges; that this was done only in the presence of the defendant; and that if this matter be kept back, as it would be by the mere production of the account, it would be argued, and perhaps conclusively, that the account being rendered to him, and he not showing that he had objected to it, was proof of the correctness of the account.

When a discovery was sought in chancery, the defendant could make the discovery, and accompany it with such explanations as he saw fit; and then the opposite party, if he would have made use of the discovery, must have put the whole answer in evidence.    This was an exemplification of the enlarged principles of equity which prevailed in that court—if one would ask equity, he should do equity, and if he would put to trial the conscience of the opposite party to obtain a discovery of one fact, it should be only on condition that he should allow that party to state what favored himself relative to that matter, as well as what was against himself.    A different rule would put the truthfulness of a party to too severe a test, and tempt him, when he could not speak the whole truth, so to discolor what he must disclose that it should not injure him more than the whole would if spoken. The defendant, in fact, suffers nothing, for he can obtain the testimony of the plaintiff at the trial, or before it; and if the

Van Zandt agt. Cobb.

plaintiff testify to new matter, not responsive to the defend-
ant's inquiries, or not necessary to explain or qualify his an-
swers, or to discharge him, when his answers would charge
him, then the defendant may offer himself as a witness. (*Code*,
§ 395.)   If the new matter be necessary to explain or qualify
the previous answers, or to discharge when the previous an-
swers would charge if standing alone, then the law and justice
both allow the party a right so to qualify his previous testimony,
without admitting thereby the opposite party to the stand.

By the Code, (§ 388,) the court or judge *may*, in their *discre-
tion*, order either party to give to the other a copy of papers
under his control, containing evidence relating to the merits of
the action or defence.   The order is not, in all cases, to be
made when the paper is in possession of one party, and relates
to the merits of the case to be made by the other party—but
only when in such cases it shall seem *discreet* to the court.
This discretion is not vested in the common-law courts in Eng-
land by the act of 14, 15 *Victoria;* and the decisions under
that act would not apply.   It would not be discreet ever to
grant the motion where the production of the paper would, as
in this case, help to deceive, and there is a party in being who
can be called upon to tell the whole truth, and then to produce
the paper required.

The motion is denied, without costs.