## SUPREME COURT.

### The Commercial Bank of Albany agt. Henry R. Dunham and others.

On an application by the plaintiffs for a *discovery of books and papers* belonging to the defendants, to substantiate the questions at issue between the parties,

1st, Whether Greene & Mather, as agents of the defendants, had authority to make the note upon which the action was brought?

2d. To prove that certain moneys received by one Olmsted, a former agent of the defendants, on the sale of certain boats, were paid over by him to the defendants.

3d. That the defendants had paid large sums of money in and about the defence of a certain suit between one Jones and said Olmsted, as agent of the defend-ants—the note upon which this action was brought being given in settlement of that suit.

4th. That said Olmsted, while agent of the defendants, was in the habit of mak-ing notes, drafts, &c., as such agent with the authority of the defendants, and which notes, &c., were uniformly paid by them; and,

5th. That Greene & Mather, after they succeeded Olmsted as agents, were also in the habit of making notes as such agents, which were paid by the defend-ants, and also that the note in question was entered in the books of the de-fendants.

The Commercial Bank of Albany agt. Dunham and others.

*Held*, that no testimony so competent to prove these facts, as that of Greene &
Mather and Mr. Olmsted—it not being pretended that their testimony was not
available.

And besides, the defendants themselves were competent witnesses, and might be
compelled, by *subpœna duces tecum*, to bring their books into court.

The principles applicable to proceedings for a discovery of books and papers,
stated in the case of *Stalker* agt. *Gaunt*, (12 *Leg. Obs.* 124,) fully approved;
also, see *Brevoort* agt. *Warner*, (8 *How. Pr. R.* 321,) *Bonesteel* agt. *Lynde*,
(*id.* 352,) *Hoyt* agt. *American Ex. Bank*, (*id.* 89,) and *Davis* agt. *Dunham*,
(*ante page* 425.)

*It seems*, that where the application is made for the inspection, and a copy of a
*particular paper, or document*, or even *specific entries in books*, relating to
the merits of the action, it should be granted

*At Chambers,. Sept.*, 1856.

PETITION for discovery of books, &c.

The plaintiffs state that the action is brought upon a promis-
sory note, made by Greene & Mather, as agents for the defend-
ants, who, from the year 1845 to the year 1855 inclusive, were
engaged in the transportation of goods and merchandise upon
the Hudson River; that the defendants' association was known
by the name of the New-York Freight and Passage Associa-
tion; that in 1845 Charles S. Olmsted was the agent of the
defendants, and one Allen, being indebted to the association,
transferred to Olmsted certain boats to secure the debt; that
the boats were sold by Olmsted, and the avails thereof were
received by the defendants; that an action was brought against
Olmsted by one Jones, who claimed a part of the boats; that
the suit was defended by the association, and the same was
finally decided, in the court of appeals, against Olmsted, in
1854; that a part of the amount recovered was paid, and, for
the balance, the note upon which this suit is brought was given,
and the plaintiffs discounted the note before maturity.

The plaintiffs further state, that the defendants deny the au-
thority of Greene & Mather to make the note. They allege
that the books of the defendants, when produced, will show, as
the plaintiffs are informed and believe, first, that the moneys
received by Olmsted on the sale of the boats was paid over to
the association : secondly, that the association had, during the
period of the litigation with Jones, paid large sums of money

The Commercial Bank of Albany agt. Dunham and others.

in and about the defence of the suit: thirdly, that Olmsted, while agent, was in the habit of making notes for the association, and that such notes were uniformly paid by the association : and, fourthly, that Greene & Mather, after they became agents, were also in the habit of making notes, as agents, which were paid by the association ; and that the note in question was regularly entered in the books of the association.

  The plaintiffs aver that the bill-books, ledgers, journals, cash and day-books, for the years 1845, 1846, 1847, 1850, 1851, 1852, 1853 and 1854, are material and necessary to enable the plaintiffs to prepare for the trial of this action, and to sustain the complaint therein; and they therefore ask for an order requiring the defendants to produce and discover such books.

  The petition was verified by the affidavit of the plaintiffs' cashier.

> P. Cagger, *for plaintiffs.*
> S. O. Shepard, *for defendants.*

  Harris, Justice. The principles applicable to proceedings for the discovery of books, &c., have been very carefully examined by Mr. Justice Hoffman, in *Stalker* agt. *Gaunt,* (12 *Leg. Ob.* 132.) The application in that case was made by the plaintiff. The petition stated particularly the questions at issue between the parties, and specified what the defendants' books contained, which the plaintiff deemed material as evidence. Upon a very full consideration of the subject, it was held, that the plaintiff had not established a right to have the books produced.

  " Two important principles," says the learned judge, " appear to me deducible from this examination. If the discovery is plainly attainable by competent and available testimony, other than that of the party, a production of books should not be allowed without special circumstances. If it is attainable by an examination of the party as a witness, it should also be refused, except upon some special ground."

  The judge then proceeded to show, " that, tested by these rules, there was not one of the points, for which the production

of the defendants' books was required, which could not be fully and plainly settled by testimony within the power of the party, and easily to be obtained."

The same thing is emphatically true of this case, as it is made by the plaintiffs themselves. The question at issue between themselves and the defendants, they say, is, whether Greene & Mather, as agents of the defendants, had authority to make the note upon which this action is brought. Upon this question Greene & Mather are competent witnesses; and it is not pretended that their testimony is not within the plaintiffs' reach.

The plaintiffs further say that, with a view to establish the issue on their part, they wish to prove, by the books of the defendants, that certain moneys, received by Olmsted on the sale of certain boats, were paid over by him to the defendants. And again, that the defendants, during the period of the litigation between Jones and Olmsted, paid large sums of money in and about the defence of that suit. And also, that Olmsted, while agent of the defendants, was in the habit of making notes, drafts, &c., as such agent, with the authority of the defendants, and that such notes, drafts, &c., were uniformly paid by the defendants. But who so competent to prove these facts as Olmsted himself? How can it be necessary that the defendants' books should be produced for any such purpose?

Again; the plaintiffs allege that they can prove by the defendants' books, when produced, that Greene & Mather, after they succeeded Olmsted, as the agents of the defendants, were also in the habit of making notes, as such agents, and that such notes were paid by the defendants; and also, that the note in question is entered in the books of the defendants. But why not prove these facts by Greene & Mather themselves? It is not pretended that their testimony is not available.

And besides, the defendants themselves are competent witnesses; and it is now settled that they may be compelled, by *subpœna duces tecum* to bring their books into court. *See Bonesteel* agt. *Lynde*, (8 *How.* 226—*affirmed upon appeal in* 8 *How.* 352;) also *Stalker* agt. *Gaunt*, (12 *Leg. Ob.* 124,) where the

question has been very fully considered and decided upon consultation with all the judges of the superior court of New-York. Upon this ground, also, according to the decisions already noticed, the discovery should be refused.

" When the testimony sought," says the same eminent judge from whom I have quoted, " appears attainable from the oath of the party, examined as a witness, there is an additional reason for not resorting to the delicate, and often dangerous, source of evidence, an inspection of private books. The unlimited exercise of such a power, it has been well said, " would open every muniment room in the land, and every merchant's accounts, and every man's private papers, to the inspection of the merely curious."

The same views have been expressed by Mr. Justice HAND, in *Brevoort* agt. *Warner*, (8 *How*. 321 :) " The party," he says, " can now be examined in the same suit. And although it is provided that he shall be subject to the same rules of examination as other witnesses, I have no doubt the old rules, in relation to discovery, apply; and I think a mere discovery, properly so called, as to books, papers and documents, should be in no other way than on the examination of the party."

And again, he says, " Neither at law or in equity has a party a right to make a general search or examination for evidence among the private books and papers of his adversary. Where the book, paper, or document is described, and the contents known, there can be no difficulty. The court can determine whether there shall be a production or inspection, and to what extent, and in what manner. If the applicant cannot specify, it cannot be *necessary, safe, or proper* to compel a general and unrestricted examination and inspection of the private books and papers of an adversary." (*See, also, Hoyt* agt. *The American Exchange Bank*, 8 *How*. 89 ; *Davis* agt. *Dunham—decided by the general term of the supreme court in the third district*, *September*, 1856, *reported ante p*. 425.)

In this case, had the application been made for the inspection, and a copy of a particular paper or document, or even specific entries in the defendants' books, containing evidence

relating to the merits of the action, I should have felt inclined to grant the motion, even though the plaintiffs might be able to make the same proof in another way. But the plaintiffs specify no entry, or book even, which they propose to use as evidence upon the trial. They ask for license to search, at their own pleasure, all the books in which all the transactions of the defendants have been recorded, for a period of eight years, however diversified or extensive they may have been, in the expectation that somewhere within the wide range they may find some evidence that will aid them in sustaining the issue in this cause upon the trial. If, in any case, such latitude of examination could be tolerated, this is certainly not such a case.

The motion must, therefore, be denied.