THE PEOPLE EX REL. JACOB CUMMER ET AL. v. JUDGE OF THE CIRCUIT COURT FOR KENT COUNTY.

*Order to produce books of business.*

Mandamus lies to vacate an order of discovery compelling the production and deposit of a party's business books, if not properly granted.

An order of discovery compelling a party to produce and deposit his business books ought not to be granted if it does not clearly appear that necessary information cannot be otherwise obtained, as by subpœna *duces tecum.*

MANDAMUS to vacate order of discovery. Motion submitted January 18. Granted February 1.

*Blair, Eggleston, Kingsley & Kleinhans* for the relators. A party seeking discovery must show that it is material and how, *Lane v. Stebbins,* 9 Paige, 622; *Hunt v. Hewitt,* 7 Exch., 235; *Thompson v. Robson,* 2 H. & N., 412; *Houghton v. London etc. Assurance Co.,* 112 Eng. C. L., 80; *Woolley v. Pole,* 108 Eng. C. L., 537; *Wilkie v. Moore,* 17 How. Pr., 480; a general discovery of all defendant's books and papers should be denied, *Cassard v. Hinman,* 6 Duer, 695; *Husson v. Fox,* 15 Abb. Pr., 464; the petition must specifically set forth what papers and documents are wanted (*Jackling v. Edmonds,* 3 E. D. Smith, 539) and show that they contain material evidence, *Davis v. Dunham,* 13 How. Pr., 425; *Morrison v. Sturges,* 26 How. Pr., 177; discovery will not be granted where the petitioner can obtain all necessary relief in a court of law, *M'Keon v. Lane,* 2 Hall, 521; *Davenbaugh v. M'Kinnie,* 5 Cow., 27.

*Taggart, Simonds & Fletcher* for respondent. A petitioner for discovery is entitled to the benefit of all inferences to be drawn from the allegations of his petition, if they are not denied, *Thompson v. Erie Ry. Co.,* 9 Abb. Pr. (N. S.), 212; *Livermore v. St. John,* 4 Robert., 12;

*Union Bank v. Mott,* 9 Abb. Pr. (N. S.), 106; *Lefferts v. Brampton,* 24 How. Pr., 257; *Scott v. Walker,* 2 El. & B., 555: 75 Eng. C. L., 555; one who is required to produce books for inspection may produce them partly sealed if he makes affidavit that the sealed portions do not relate to the plaintiff's case; but on sufficient showing afterwards the court may order the sealed portions to be opened, Hoffman's Masters in Chancery, 13; *Hill v. Gt. Western Ry. Co.,* 10 C. B. (N. S.), 148; *Clifford v. Taylor,* 1 Taunt., 167; *Titus v. Cortelyou,* 1 Barb., 444. See *Hill v. Philp,* 7 Exch., 232; *Stone v. Strange,* 3 H. & C., 541; *Pape v. Lister,* L. R., 6 Q. B., 242; *Chute v. Blennerhassett,* 16 Ir. C. L., App., IX.; *Davey v. Pemberton,* 11 C. B. (N. S), 628; *Collins v. Yates,* 27 L. J. Exch., 150; *Daniel v. Bond,* 9 C. B. (N. S.), 716; *Riccard v. Inclosure Com'rs,* 4 El. & B., 329; *Lee v. Hammerton,* 12 W. R., 175; *Baker v. London etc. Ry. Co.,* L. R. 3 Q. B., 91; *Woolley v. N. L. Ry. Co.,* L. R. 4 C. P., 602; *Cossey v. London etc. Ry. Co.,* L. R. 5 C. P., 146; *Skinner v. Gt. Northern Ry. Co.,* L. R. 9 Exch., 298; *Walden v. Gt. Northern Ry. Co.,* id., 300; *Mahony v. National Widows' Life Assurance Fund,* L. R., 6 C. P., 252; *Saxby v. Easterbrook,* L. R. 7 Exch., 207; *Glyn v. Caulfeild,* 3 Mac. & G., 463; *Kerr v. Gillespie,* 7 Beav., 572; *Flight v. Robinson,* 8 Beav., 22; *Smith v. Duke of Beaufort,* 1 Hare, 507.

GRAVES, J. This is a hearing on an order to show cause why this court should not award mandamus to compel the rescission of an order made in the circuit court for Kent county. The order required relators in a suit against them by one Lewis C. Butts to discover and produce and then deposit with the clerk for twenty days certain of their private books, namely: their letter-copy books, order books, shipping books and sales books used by their firm of J. Cummer & Son in their business of manufacturing and dealing in lumber, between the 28th day of November, 1876, and the 1st day of May, 1877.

Subsequent to the order the relators moved that it be vacated and this was refused.  It is urged by way of preliminary objection to the present proceeding that the action below was the exercise of judicial discretion and is not reviewable in this way.  If this position is correct, the relators have no remedy, though it should be admitted that the order complained of was in violation of their legal right.  No redress could be obtained by writ of error, and unless a correction by mandamus is proper, this court is unable to intervene.  The power of a court of law to order discovery is not only an important power, but is one of great delicacy.  It is exceptional and does not belong to the ordinary course of the court, and the instances in which it may be exercised, now that parties are made competent, must be exceedingly rare.  The practice is exposed to great injustice and mischief, and the jurisdiction is at the best little less than invidious.  It seems plain that a court expressly commissioned by the constitution to supervise the proceedings of the circuit court must be deemed empowered to perform that function in regard to such proceedings as that in question, and inasmuch as no other mode is provided and mandamus is a proceeding designed to meet such a necessity, it is considered as appropriate.

It appears that in November, 1876, relators entered into an agreement with Butts by which he was to travel in certain States and obtain orders on them for lumber upon a commission of one dollar per thousand feet, and that either party might put an end to the arrangement on sixty days' notice.  It is not necessary to explain all the facts or to repeat the terms of the agreement.  The parties proceeded to act under it, but in the spring of 1877 such action ceased.  Butts sued on the agreement and alleged that relators had refused to observe it, and claimed commissions and damages for gains he averred he was prevented from making.  After the pleadings were in, he petitioned for the discovery and exhibition of relator's

books before mentioned to enable him to prepare for trial.

Such applications rest with great reason upon very strict ground, and they cannot be lawfully granted unless it is shown affirmatively and with great certainty and distinctness that a real necessity exists. Mere convenience or curiosity or surmise of need afford no basis for the proceeding. The authorities are too numerous to be cited here.

It has been decided that when defendants have already rendered an account, an order will not be made to enable the plaintiff to decide upon its accuracy. *Ruberry v. Binns,* 5 Bosw., 685. This was an action against factors, and in principle it has a direct bearing. It appeared by Butt's petition that relators furnished him with an account or statement of transactions, and that his object in seeking access to the books was to inform himself therefrom, as a step in getting ready to try the case, that the account or statement was incorrect.

It has also been decided often that it must appear from the application that the production is indispensably necessary (*Woods v. De Figaniere,* 1 Robert., 681; *McAllister v. Pond,* 6 Duer, 702; *M'Keon v. Lane,* 2 Hall, 520 [2d ed., 558]; *Moore v. McIntosh,* 18 Wend., 529); and ability to obtain it, together with the testimony of the party, by subpœna *duces tecum,* must be negatived. *Commercial Bank of Albany v. Dunham,* 13 How. Pr., 541; *Van Zandt v. Cobb,* 12 id., 544; *Brevoort v. Warner,* 8 id., 321; *Stalker v. Gaunt,* 12 Legal Obsr., 124.

Now the petition presented to the court below did not establish any strict necessity, or indeed any necessity at all. It did not make out that Butts had not the requisite information in his own possession, or exclude his having ability to prove the facts, or obtain the knowledge he desired by other available means. Besides, nothing was brought forward or is now suggested to preclude the supposition of ability to obtain an exhibition of the books and the testimony of relators by subpœna.

The order was not a legitimate exercise of jurisdiction and was against relators' legal right.
We think mandamus should issue.

The other Justices concurred.