(5 Misc. Rep. 493.)

### DALZELL v. FAHYS WATCH-CASE CO.

(Superior Court of New York City, General Term. October 24, 1893.)

DISCOVERY—BEFORE TRIAL.

In an action for one-half of the net profits realized by defendant from the manufacture and sale of an article, where the extent of defendant's liability depends on the construction of certain written agreements, plaintiff is not entitled to a discovery and inspection of defendant's books, in advance of the trial, to ascertain the number of articles manufactured and sold by it, since the meaning of the written contracts should first be determined, and then plaintiff may enforce the production of defendant's books, by subpoena duces tecum, in ample time for all his purposes.

Appeal from special term.

Action by Allen C. Dalzell against the Fahys Watch-Case Company to recover one-half of the net profits said to have been realized by defendant from the manufacture and sale of crowns for stem-winding watches. From an order denying plaintiff's motion for discovery and inspection of defendant's books, plaintiff appeals. Affirmed.

For former reports, see 9 N. Y. Supp. 713; 17 N. Y. Supp. 365.

Argued before McADAM and GILDERSLEEVE, JJ.

Wilber & Oldham, for appellant.
Wetmore & Jenner, for respondent.

McADAM, J. The action is to recover $75,000 for failure to pay over to the plaintiff one-half of the net profits said to have been realized by the defendant from the manufacture and sale of "crowns," which is that part of the exterior of the watch case which is corrugated and turned in stem-winding watches. The right and extent of the recovery claimed depend upon certain written agreements. Whether the action be denominated one in equity for an accounting, or at common law for the breach, the damages recoverable are substantially the same, and the taking and stating of an account necessary to reach a proper result. The defendant, under its construction of the writings, is bound to pay only for the crowns manufactured and sold by it to the trade, separated from watches of its own manufacture, while, under the construction contended for by the plaintiff, the defendant is liable as well for crowns manufactured by it and placed on all watches manufactured and sold by it,—that the separation has nothing to do with the question of liability. The defendant is willing to furnish an account of the crown heads sold as such, and not affixed to watches manufactured by it, but declines to allow an inspection of its books, showing the sales of watches manufactured by it, which were sold at different prices, without reference to the agreement under which the plaintiff claims, and the entries in respect to which contain no allusion to crown heads, and no information whatever concerning them. If the action be regarded as one in equity, the judgment will prescribe the nature and extent of the liability incurred, and the account to be furnished; and, if it be regarded as one at law, the referee, after construing the writings, will in like manner determine the extent of the inquiry. In either event, the plaintiff may enforce the production of the defendant's books, by subpoena duces tecum, in ample time for all his purposes; and, when that can be relied on with safety, there is no necessity for an inspection or discovery upon motion like the present. Bank v. Dunham, 13 How. Pr. 541; Holtz. v. Schmidt, 34 N. Y. Super. Ct. 28. Inspection or discovery is not matter of right, but a privilege granted in extreme cases, where the refusal may defeat justice, or seriously imperil the establishment of a claim or defense. Harbison v. Von Volkenburgh, 5 Hun, 454. The application was one addressed to the discretion of the court, (Van Zandt v. Cobb, 12 How. Pr. 544; White v. Munroe, 33 Barb. 650; Hart v. Railroad Co., [Sup.] 23 N. Y. Supp. 713; Ashley v. Whitney, 54 N. Y. Super. Ct. 540;) and, it appearing to have been properly exercised, the order appealed from must be affirmed, with costs.