McAdam, J.
The action is to recover $175,000 for failure to pay over to the plaintiff oue-lmlf of the net profits said to have been realized by the defendant from the manufacturo and sale of “crowns,” which is that part of the exterior of the watch case which is corrugated and turned in stem winding watches. The right and extent of the recovery claimed depend upon certain written agreements. Whether the action be denominated one in equity for an accounting, or at common law for the breach, the damages recoverable arc substantially the same, and the taking and stating of an account necessary to reach a proper result. The defendant, under its construction of the writings, is hound to pay *160 •only for the crowns manufactured and sold by it to the trade .separated from watches of its own manufacture, while under -the construction contended for by the plaintiff, the defendant is liable as well for crowns manufactured by it and placed on all watches manufactured and sold by it,; that the -separation has nothing to -do with the question of liability. The defendant is willing to furnish an account of the crown heads sold .as such, and ¡not ■affixed to watches manufactured by it, but declines to allow .an inspection of its books showing the sales .of watches manufactured by it, which were sold at different prices without reference to the agreement under .which the plaintiff claims, .and the entries in respect to which contain no allusion to crown heads and no information whatever concerning them. If the action be regarded ■as one in equity the judgment will prescribe -the nature and extent of the liability incurred and the account to be furnished, and if it be regarded as one at .law the referee, after construing the writings, will in like manner determine the extent .of the inquiry. In either event, the plaintiff may .enforce the production of the defendant’s books by subpoena duces tecum in ample time for all his purposes, and when that -can be relied on with safety •there is no necessity for an inspection or discovery upon motion like the predent. Commercial Bank v. Dunham, 13 How. Pr., 541; Holtz v. Schmidt, 28 N. Y. Superior Ct., 28. Inspection or discovery is not matter of right, but a privilege granted in extreme cases, where the refusal may defeat justice or seriously imperil the establishment of a claim or defense. Harbison v. Von Volkenburgh, 5 Hun, 454. „The application was one addressed to the discretion of the court, Van Zandt v. Cobb, 12 How. Pr., 544; White v. Munroe, 33 Barb., 650; Hart v. R. R. Co., 52 St. Rep., 834; Ashley v. Whitney, 54 N. Y. Superior Ct., 540, and it appearing to have been properly exercised, the order appealed from must he affirmed, with costs.
Gtldersleeye, J., concurs.