EDDY *v.* BAY CIRCUIT JUDGE.

DISCOVERY — DOCUMENTS HELD AS TRUSTEE — COURTS — COMMON-
LAW POWERS—CORPORATE BOOKS.

> Courts have the right, under their common-law jurisdiction,
> to compel one of the parties to a cause to produce for the
> inspection of the adverse party books and papers which he
> holds as trustee of the latter; as where both parties are stock-
> holders in a corporation, and one of them has possession of
> the corporate books, an examination of which is essential to
> the other's case.

*Mandamus* by John F. Eddy and others to compel
Andrew C. Maxwell, circuit judge of Bay county, to set
aside an order requiring relators to produce certain books
and papers for inspection. Submitted November 9, 1897.
Writ denied November 12, 1897.

*C. L. Collins* (*A. P. Lyon*, of counsel), for relators.

*Fales & Kelley*, for respondent.

MONTGOMERY, J. *Mandamus* is sought to compel the
vacation of an order requiring relators to produce certain
books and papers for the inspection of the attorneys of
Edwin T. Bennett in a suit instituted by said Bennett
against relators for malicious prosecution. It is contended
that, as no rules are now in force relating to the production
of books and papers (those formerly in force—Cir. Ct.
Rules Nos. 40 to 43—having been omitted in the revis-
ion), no such right now exists. It is true, there is no
statute or rule governing the case, but, at the common law,
production of books and papers can be compelled where a
trust relation exists. 1 Whart. Ev. § 743; 19 Am. &
Eng. Enc. Law, 243. In this case the books ordered pro-
duced belonged to a corporation in which the defendants
are stockholders. The custodians of these books are, in a

sense, trustees of plaintiff, and, under the circumstances of the case stated, the order of the circuit judge was justified. The case is clearly distinguishable from *Cummer* v. *Kent Circuit Judge*, 38 Mich. 351, and *Grow* v. *Bay Circuit Judge* (June 2, 1894), unreported. In neither of these cases was there a trust relation.

The writ will be denied.

The other Justices concurred.