ANTI-KALSOMINE CO. *v.* KENT CIRCUIT JUDGE.

DISCOVERY — PRODUCTION OF CORRESPONDENCE — UNREASONABLE SEARCH—CONSTITUTIONAL LAW.

> An order requiring a party to a suit to produce for examination by the adverse party all correspondence "which may contain evidence relating to the matters at issue" does not extend to confidential communications which can be of no benefit to the party seeking the production, so as to render it repugnant to the fourth amendment to the Federal Constitution, and to section 26 of article 6 of the State Constitution, prohibiting unreasonable searches and seizures.

*Mandamus* by the Anti-Kalsomine Company to compel Allen C. Adsit, circuit judge of Kent county, to vacate an order requiring relator to produce certain records and correspondence for inspection. Submitted April 4, 1899. Writ denied May 23, 1899.

*T. J. O'Brien* and *Fletcher & Wanty*, for relator.

*Hyde, Earle & Thornton*, for respondent.

MONTGOMERY, J. This is an application for *man-*

*damus* to require the respondent to vacate an order direct-
ing the relator to produce for inspection of its adversary
in a pending suit its books and correspondence for a cer-
tain period.   The order complained of was made in the
case of *Church* v. *Anti-Kalsomine Co.* ·See 119 Mich.
437.   The nature of the action is shown in the opinion of
this court in that case when presented to us on demurrer.
118 Mich. 219.   After an issue of fact was joined, the
plaintiff in the case asked for an order requiring the
relator to produce for the inspection of a competent book-
keeper all the books of account, records, files, and corres-
pondence in relation to the business covered by the con-
tract between the parties, including the books of account,
records, files, and correspondence of the Diamond Wall-
Finish Company, referred to in the declaration, in its
possession or control, or in the possession or control of its
officers, agents, and employés, or in the possession or con-
trol of the officers, agents, and employés of the Diamond
Wall-Finish Company.   It appeared by the answer to the
order to show cause filed by the relator in the circuit court
that the relator had given the plaintiff, Mr. Church, and
an accountant employed by him, free access to its books
of account up to the 17th of December, and had produced
at his request any item of correspondence especially re-
quested by him; that at that date the accountant was
informed that it would not be convenient to permit him
to work in the office the balance of the current year, as the
clearing up of the business of the year would render it
necessary for the employés of the company to have the
exclusive use of the office; but it was at the same time
stated that soon after the first of the year the company
would again furnish facilities for the prosecution of the
investigation.   The application was made for the order
complained of on the 29th of December.   Among the pro-
visions of the order are the following:

   "That the said Oscar F. Powell, the bookkeeper selected
by plaintiff for that purpose, and who has heretofore been
permitted by defendant to examine for plaintiff a portion

of the books of defendant mentioned in said petition, is hereby authorized to list, examine, and take copies of and *memoranda* from the books, records, files, and correspondence of defendant mentioned in said petition, including the books, records, files, and correspondence of the Diamond Wall-Finish Company, also mentioned in said petition, as he and the said plaintiff may be advised. That said defendant, its officers and office employés, furnish to the said Oscar F. Powell such books, records, files, and correspondence of defendant and the Diamond Wall-Finish Company in its possession or control, or in the possession or control of its officers, agents, and employés, or in the possession or control of the officers, agents, and employés of the Diamond Wall-Finish Company, as he may from time to time call for, which may contain evidence relating to the matters at issue in this cause. That it shall not be necessary for the said Oscar F. Powell in such demand or requirement to specify any particular letter or document, but it shall be sufficient for him to designate generally the class of papers and documents required by him. For example, it shall be sufficient for him to call for all the correspondence and reports by and between said defendant, its officers and office employés, and traveling salesmen in its employ, or heretofore in its employ, and the files of defendant in relation thereto."

The relator complains that this order authorizes an unreasonable search of relator's property, and violates the fourth amendment of the Constitution of the United States, and section 26, art. 6, of the Constitution of this State. The counsel for respondent contend that the order of the circuit judge was fully authorized, and cite the case of *Eddy* v. *Bay Circuit Judge*, 114 Mich. 668. The case is ruled by the case cited, unless a distinction is taken between the books and papers of a corporation and its correspondence. The petition sets out that resort to the files and correspondence is necessary to an understanding of the book entries. It is urged that such an order, directed to an individual, might result in the production of confidential communications, and that, as applied to a corporation, it may result in the production and inspection of confidential communications of no benefit to the party seeking the production. We do not think

the order in this case can be construed so broadly.    It requires the production of books, papers, and correspondence "which may contain evidence relating to the matters at issue in this case."    We think the order was within the power of the circuit judge.    See *Germania Fire Ins. Co. v. Newaygo Circuit Judge*, 41 Mich. 258; *Petrie* v. *Muskegon Circuit Judge*, 90 Mich. 265.

The writ will be denied.

The other Justices concurred.