PRESTON NATIONAL BANK *v.* WAYNE CIRCUIT JUDGE.

1. COURT RULES—CONSTRUCTION.
   By the re-enactment of a rule of court the construction which has been placed upon the same language by the court is also adopted.

2. SAME—DISCOVERY OF BOOKS AND PAPERS.
   Circuit Court Rule No. 50, providing that a party may be com-

pelled to produce and discover all such books, papers, and documents as may be necessary to enable the party applying for such discovery to prepare for the trial of the cause, does not authorize the court to compel the production of a party's books until the moving party shows his inability to compel production by a subpœna duces tecum.

Mandamus by the Preston National Bank to compel Morse Rohnert, circuit judge of Wayne county, to vacate an order for discovery. Submitted October 6, 1903. (Calendar No. 20,173.) Writ granted July 16, 1904.

*Geer & Williams* and *H. R. Martin*, for relator.

*Bowen, Douglas, Whiting & Murfin*, for respondent.

MONTGOMERY, J. The receiver of the City Savings Bank brought an action in the circuit court for the county of Wayne to recover a balance of a deposit with the Preston National Bank. The Preston National Bank gave notice that it would set off as against this claim a check for $100,000 drawn on the City Savings Bank by F. C. Andrews, and certified by the teller of the savings bank. The plaintiff filed an affidavit that such check was not certified by one authorized to do so, and, on this state of the pleadings, asked for an order for inspection of the books of the defendant. The petition, as amended, set out that, to enable plaintiff to prepare for trial, it was necessary that access be had to, and an examination be made of, certain books of defendant. It averred, on information and belief, that the defendant did not receive the check on behalf of the City Savings Bank, but for the sole benefit of F. C. Andrews; that the City Savings Bank was not at the time indebted to F. C. Andrews; that defendant knew, or had reason to believe, that the alleged certification was invalid, and that said check was received, not for a present and valuable consideration, but for the sole benefit of F. C. Andrews; that plaintiff was advised and believed that the books of defendant would show, or tend to show,

the facts and circumstances of the entire transaction. Upon this petition an order was made that the defendant produce for inspection all bank registers, books of account, discount books, records of daily offerings of notes or security for discount, draft books, vouchers, canceled drafts and checks, agreements or written instruments, clearing-house outgoing and incoming sheets and reports, collateral registers, and all other books and papers referring to, or covering the period of time from January 1, 1899, to February 15, 1902, and all other books and papers containing any entry or reference to any transaction between said defendant and said Frank C. Andrews—all as far as they relate directly or indirectly to the matters at issue, or to matters leading up to the matters at issue. Relator applies to this court for a mandamus requiring respondent to vacate this order.

The order below was made under the authority of Circuit Court Rule No. 50, adopted July 19, 1901. Subdivision "*d*" of this rule is the only provision applicable, and reads as follows:

"After issue joined in any action either party may be compelled to produce and discover all such books, papers, and documents as may be necessary to enable the party applying for such discovery to prepare for the trial of the cause." 124 Mich. xxxviii.

The contentions of relator are that the rule does not justify the order of the circuit judge, and that, if the rule should be construed as broad enough in its terms to authorize the order, it is in violation of section 26, art. 6, of the State Constitution, protecting citizens from unreasonable search of papers and possessions. By reference to the old court rules, it will be seen that the subdivision of Rule 50 above quoted is a literal copy of paragraph 4 of Rule 40, in force before the adoption of the revised rules. While Rule 40 was in force the case of *Cummer* v. *Kent Circuit Judge*, 38 Mich. 351, was decided. Under well-recognized rules, the present rule, being a re-enactment of the former, must be held to have been adopted with the

construction which had been placed upon the same language by the court.   In *Cummer's Case* it was held that, before the production of an adversary's books could be compelled, it was incumbent upon the moving party to show his inability to compel production by supœna duces tecum.   That case is decisive of the present.   The circuit judge relied upon the two cases of *Eddy* v. *Bay Circuit Judge*, 114 Mich. 668 (72 N. W. 890), and *Anti-Kalsomine Co.* v. *Kent Circuit Judge*, 120 Mich. 250 (79 N. W. 186).   The first of these cases was ruled upon the distinct ground that the custodian of the books and papers sought was a trustee of the moving party.   The case was not rested upon this rule.   Indeed, there was then no rule in force relating to the subject.   The decision rested upon the common law.   The case of *Anti-Kalsomine Co.* v. *Kent Circuit Judge* was likewise a case in which a trust relation existed, as is shown by a reference to *Church* v. *Anti-Kalsomine Co.*, 118 Mich. 219 (76 N. W. 383), where the contract between the parties is set out.   It was not the purpose to overturn the dicision in *Cummer's Case* by readopting this rule.

The order in the present case was not authorized, and mandamus must issue.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred.   GRANT, J., did not sit.