ASHLEY *v.* CALHOUN CIRCUIT JUDGE.

DISCOVERY — INSPECTION BEFORE TRIAL — DOCUMENTS — SUBPŒNA DUCES TECUM.

> Where suit is brought to recover the price paid a limited partnership for an option to purchase its plant, on the ground that the president and secretary thereof had no authority to make the contract, plaintiffs are not entitled to an order directing the firm to permit an inspection of its articles, by-laws, and records before trial, so as to enable plaintiffs to prove what authority its president and secretary possessed; such records being obtainable at the trial under a subpœna duces tecum.

Mandamus by Glover J. Ashley and others to compel Joel C. Hopkins, circuit judge of Calhoun county, to vacate an order requiring relators to produce certain books and papers. Submitted October 4, 1904. (Calendar No. 20,750.) Writ granted October 18, 1904.

The relators are officers and directors of a partnership limited known as the Hibbard Food Company, Limited, and are defendants in a suit brought by one Gubbins against them to recover $1,000 paid by him to them or to the partnership upon an option to purchase the real estate

and plant owned by said partnership. The case is at issue, and upon the application of the plaintiff, Gubbins, the respondent, as circuit judge, made an order that the relators produce certain records and documents belonging to said company, or sworn copies thereof, for his inspection, in order to prepare for trial. Relators now seek the writ of mandamus to compel the rescission of that order.

*R. J. Kelley*, for relators.

*North & Salisbury*, for respondent.

GRANT, J. (*after stating the facts*). The declaration is based upon a written contract purported to be entered into between said partnership and said plaintiff. The contract is signed: "The Hibbard Food Company, Limited, by C. J. Ashley, President; F. L. Hibbard, Secretary; R. M. Gubbins." By the contract, in consideration of $1,000 paid by the plaintiff, the partnership gave him an option to purchase the property of said partnership at any time within 15 days from the date thereof. The declaration alleges that the relators, as officers of said corporation, represented that they had authority to make said contract, but that they had no such authority, and that therefore the contract was void. Plaintiff sues to recover from them the money paid.

Obviously, it was of importance to the plaintiff to secure evidence upon the point at issue. That evidence would naturally be found by an examination of the records of the partnership. If by its articles or its by-laws the relators had no right to enter into such contract in the name of the partnership, the plaintiff, under his theory, is entitled to recover. Obviously, if they had such authority, he is not. The records are under the control of the relators. It is settled by the decisions of this court that production of books and papers will not be ordered unless their production is indispensably necessary. Neither, in the absence of any fiduciary relation between the parties, will they be ordered where they can be obtained by subpœna duces

tecum. *Cummer* v. *Kent Circuit Judge*, 38 Mich. 351;
*Preston Nat. Bank* v. *Wayne Circuit Judge*, 137 Mich.
152.

Plaintiff planted his suit against the defendants upon
the theory that they were not authorized to make the con-
tract. It would undoubtedly be convenient for him to
know before the trial whether any such authority was
given. So it would be convenient for any litigant to as-
certain beforehand evidence in the possession of the op-
posite party. That, however, is not the test. It is too ap-
parent to require argument, that the documents required
can be produced under a subpœna duces tecum, and that
no long examination will be required to examine them,
and obtain therefrom the necessary evidence. We think
the case is ruled by the two authorities above cited.

The writ will therefore be granted.

The other Justices concurred.