## LONDON GUARANTEE & ACCIDENT CO. *v.* WAYNE CIR-CUIT JUDGE.

Discovery—Inspection of Books—Contract Right—Necessity.
Where an employers' liability insurance policy, upon which suit is brought, entitles plaintiff insurance company to inspect defendant's ▮▮▮▮ll to determine the amount of premium payable on the policy, plaintiff is entitled to an order for the inspection of such pay roll under Circuit Court Rule 50, without showing a necessity for such inspection, or that a subpœna deuces tecum would not compel its production at the trial.

Mandamus by the London Guarantee & Accident Company, Limited, to compel Morse Rohnert, circuit judge of Wayne county, to set aside an order denying an order for discovery. Submitted October 2, 1906. (Calendar No. 21,800.) Writ granted December 3, 1906.

*Brennan, Donnelly & Van De Mark*, for relator.

*D. B. Hayes* and *W. G. Fitzpatrick*, for respondent.

Hooker, J. The relator sued Pardridge & Blackwell, copartners, in an action at law, upon a contract; summons being duly served. The defendants appeared, and before filing declaration the plaintiff filed a petition for discovery under Circuit Court Rules 50 to 57 (124 Mich. xxxviii). The subdivision of Rule 50 believed to be particularly applicable to this case is subdivision "*a.*"

"Rule 50. Application may be made by petition to any circuit court in term time, or to the judge thereof in vacation, to compel the production and discovery of books, papers, and documents relating to the merits of any suit pending in such court, or of any defense to such suit, in the following cases.

"(*a*) By the plaintiff, to compel the discovery of papers or documents in the possession or under the control of the

defendant, which may be necessary to enable the plaintiff to declare, or answer to any pleading of the defendant."

The petition states, in substance, that the plaintiff made a contract to insure defendants against loss by reason of accidents to their employés. By the terms of the contract a definite sum was paid down as premium, with the provision that full compensation should consist of a sum to be estimated, at a fixed rate, upon the aggregate of salaries for the year of defendants' employés, plaintiff to refund or receive the requisite sum, to make its payment comply with such agreement. It was also agreed that plaintiff was to be informed of said aggregate salaries, and to be allowed to inspect defendants' books, containing evidence in relation thereto.

Before the action was begun, demand for this information, and for opportunity to inspect such books, was made and refused. The petition alleges further that plaintiff is informed and believes that the pay rolls from March 1, 1902, to March 1, 1905, exceed the sum upon which it has so far received payment, and that there is an additional sum due; that plaintiff has no means of ascertaining whether this is true or not, or, if so, the amount its due; that, in order to recover said additional premium, it has sued in assumpsit in this proceeding, and is advised by counsel, and verily believes, that the discovery of the books, papers, and documents containing said amounts of pay rolls is necessary to enable it to declare and prepare for trial. It concludes with an appropriate prayer.

The learned circuit judge denied the application upon the ground that it was not made to appear that there was a necessity for such discovery for the purpose of declaring in the cause. Subsequently a motion to vacate such order of denial was made, which included the further statement that the documents, etc., were in danger of destruction. This was fully denied in an additional answer. The motion was denied, and is before us in mandamus proceedings.

This rule has been before the court before. In *Cum-*

*mer* v. *Kent Circuit Judge*, 38 Mich. 351, we had occasion to pass upon Rule 40, as it was then numbered. The application was made after the case was at issue, and discovery was sought of the contents of defendant's books to enable the relator to prepare for trial. In setting such an order aside, we said:

"Such applications rest with great reason upon very strict ground, and they cannot be lawfully granted unless it is shown affirmatively and with great certainty and distinctness that a real necessity exists. Mere convenience or curiosity or surmise of need afford no basis for the proceeding. The authorities are too numerous to be cited here. * * *

"It has also been decided often that it must appear from the application that the production is indispensably necessary, * * * and ability to obtain it, together with the testimony of the party by subpœna duces tecum, must be negatived. * * *

"Now the petition presented to the court below did not establish any strict necessity, or indeed any necessity at all. It did not make out that Butts had not the the requisite information in his own possession, or exclude his having ability to prove the facts, or obtain the knowledge he desired by other available means. Besides, nothing was brought forward or is now suggested to preclude the supposition of ability to obtain an exhibition of the books and the testimony of relators by subpœna.

"The order was not a legitimate exercise of jurisdiction and was against relator's legal right."

In the case of *Preston Nat. Bank* v. *Wayne Circuit Judge*, 137 Mich. 152, we followed the *Case of Cummer*, distinguishing two cases, viz., *Eddy* v. *Bay Circuit Judge*, 114 Mich. 668, and *Anti-Kalsomine Co.* v. *Kent Circuit Judge*, 120 Mich. 250, upon the ground that they were cases in which there was a trust relation between the parties, giving a right to the examination of the books. See, also, *Ashley* v. *Calhoun Circuit Judge*, 138 Mich. 44, and *Douglas* v. *Mecosta Circuit Judge* (Calendar No. 21,754½. No opinion).

A similar right to examine is alleged here based on the terms of the contract, which expressly give it. This is

not denied. While we agree with the circuit judge that no indispensable necessity is shown, and it is not alleged that a subpœna duces tecum would not compel the production of the information at the trial, as in the *Cases of Eddy* and the *Anti-Kalsomine Co.*, the existing right justifies the order for discovery.

The writ will issue directing the circuit judge to vacate his orders and to grant the discovery prayed, upon such conditions as shall be consistent with the rights and convenience of the parties.

CARPENTER, C. J., and MCALVAY, GRANT, and MOORE, JJ., concurred.