SMITH v. WAYNE CIRCUIT JUDGE.

PRACTICE — PRODUCTION OF EVIDENCE TO ENABLE DEFENDANT TO PLEAD—MANDAMUS.

Mandamus will not lie to vacate the order of a circuit judge compelling the relator to produce, in an action of assumpsit wherein he is defendant, books of account which contain a record of the matters involved in the action, and which are necessary to enable the plaintiff to furnish a required bill of particulars.

Mandamus by H. H. H. Crapo Smith to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order of discovery. Submitted October 19, 1909. (Calendar No. 23,639.) Writ denied November 5, 1909.

*Crapo C. Smith* and *James H. Pound,* for relator.

*Merriam, Yerkes & Simons,* for respondent.

PER CURIAM. Relator is defendant in an action of as-

sumpsit to recover for money paid and services rendered by Arthur L. Holmes, plaintiff. After service of the declaration, defendant's attorney demanded a bill of particulars, which was furnished. He then demanded a further itemized bill of particulars as to certain items. Thereupon the plaintiff filed a petition, setting up the foregoing history of the case, and in substance that he kept no books of account; that all of the items of his transactions were entered and kept in defendant's books; that he had no record from which he could furnish a further itemized bill of particulars demanded by defendant; that during the term of years of his employment by defendant he acted as plaintiff's banker, paid his household and other bills, and received money from him from time to time; that the only account kept of all these transactions was in defendant's books; and that he was unable, without discovery and production of said books, to furnish the further bill of particulars demanded. Upon a hearing the prayer for discovery was granted, and the order objected to was made. A motion to set it aside was denied, and these proceedings were instituted to compel respondent to set aside such order for discovery by writ of mandamus.

Relator in this case has created a situation which requires the furnishing by plaintiff of certain particulars, the only record of which is shown by the petition for a discovery to be contained in relator's books, which are in his possession, and an examination of which, upon demand, he refuses to allow to be made by plaintiff. The only question as to the sufficiency of the petition he raises is that it does not negative the ability of the plaintiff to obtain the production of the books, etc., by subpœna *duces tecum.* The petition conforms strictly with the requirements of the court rules upon the subject, and the objection of relator is not well taken. *Cummer* v. *Kent Circuit Judge,* 38 Mich. 351, and *Preston Nat. Bank* v. *Wayne Circuit Judge,* 137 Mich. 152 (100 N. W. 393), relied upon by relator, are not in point. In those cases the petitions were for discovery to prepare for trial, not to enable

a plaintiff "to declare, or answer to any pleading of the defendant." Circuit Court Rule 50 *a* (124 Mich. xxxviii, 87 N. W. vi).

The argument that by a subpœna *duces tecum* plaintiff could get all the benefit sought is answered by the petition, and the circumstances which confront plaintiff, whose situation is urgent, and whose relief, if delayed until trial, will be of no benefit. He must furnish this further bill of particulars or be defaulted. The action of the trial court was a legitimate exercise of his jurisdiction.

The writ of mandamus is denied, but without prejudice as to any application to the circuit court for any reasonable modification of the order.