LANCASHIRE *v.* WAYNE CIRCUIT JUDGE.

1. Discovery — Conveyances — Deeds — Registration—Certified Copies Procurable.

An order should not be issued for the discovery of conveyances, in the absence of allegation that they are forgeries or that they are not recorded in the office of the register of deeds, from whom certified copies may easily be obtained.

2. Same—Production of Irrelevant Papers Not Necessary.

An order to produce documents should not include insurance policies not mentioned in the bill or shown relevant by the petition for discovery.

3. Same—Vacation of Order—Affidavit—Court Rules.

An order for the discovery of the stenographer's minutes of the trial in a foreclosure case and of the subpœna issued and returned served in that case should have been vacated under Circuit Court Rule No. 49, § 5, subd. 3, upon the filing of an affidavit by the party required to make discovery that he has no "knowledge or control" of said minutes, and no "possession or control" of the subpœna.

4. Same—Production of Original Will Not Necessary.

An order to produce the original will, presumably in the

files of the probate court, should be vacated where there is not allegation in the bill of complaint that defendant has surreptitiously removed it therefrom.

5. SAME—PRODUCTION OF INCRIMINATING EVIDENCE CANNOT BE REQUIRED.

One charged with conspiracy to defraud cannot be required to produce correspondence tending to establish his guilt.

6. SAME—PRODUCTION OF TRUSTEES' BOOKS MAY BE REQUIRED.

The trustee of an estate charged with conspiracy to defraud may be required to produce books and documents kept by him as trustee, or copies of them.

Mandamus by Martha I. Lancashire and another to compel Joseph A. Moynihan, circuit judge of Wayne county, to vacate an order requiring the production of certain books and papers. Submitted February 14, 1922. (Calendar No. 29,972.) Writ granted March 30, 1922.

*Frederic T. Harward* and *William R. Grover,* for plaintiffs.

*Entenza & Gramer,* for defendant.

SHARPE, J.   Mary J. Granger, of Detroit, died in 1892, testate.   Her daughter, Sarah J. Granger, and Andrew McLellan were named in her will as trustees to administer her estate and disburse the income as therein directed.   Mr. McLellan died in 1894, and the plaintiff James H. McDonald, an attorney, became a trustee in his stead pursuant to the terms of the will and acted as such until April, 1908, when he resigned. Sarah J. Granger then administered the estate until 1917, when she resigned.   Joseph G. Lawson was then appointed trustee and acted as such until the death of Sarah J. Granger in 1920, when the trust terminated.   In 1897, Joseph H. Duryea, the son of a deceased daughter of Mrs. Granger, gave a mortgage upon all his interest in the estate of his grandmother to one Bert C. Preston.   In 1907, this mortgage was

218 Mich.—2.

assigned by Preston to James H. McDonald as guardian of his daughter Martha I. McDonald, later married to one Lancashire. In 1908, and after his resignation as trustee, McDonald as guardian began foreclosure proceedings. Joseph Duryea defended, being represented by an attorney, Max Finkelston. A decree for foreclosure was granted in 1910, sale had by a circuit court commissioner, and purchase made by Mrs. Lancashire. Duryea did not redeem. The time therefor expired on February 23, 1911. In March, 1920, after the trust estate had terminated, Duryea and his wife filed a bill of complaint against Mrs. Lancashire, asking that the foreclosure proceedings be set aside as a cloud on their interest in the estate for the reason that, under the will, Duryea had no such interest in the property of the deceased as could be conveyed or incumbered. To this an answer was filed by defendant, setting up the entire proceeding had and done in connection with the matter by her father as her guardian on her behalf. On May 7, 1920, an order was made making James H. McDonald a party defendant, and on July 5th following an amended bill was filed. In this a conspiracy between McDonald and Finkelston to defraud Duryea out of his interest in the estate is charged. It also contains general allegations of fraud, mismanagement, and misappropriation of funds by McDonald as trustee, and prays for an accounting. An answer was filed, verified under oath by McDonald. Soon thereafter the plaintiffs filed a petition asking that the defendant James H. McDonald be required to produce certain documents, books, records and papers and deposit the originals of the same with the clerk of the court, pursuant to Circuit Court Rule No. 49. An *ex parte* order was made as asked. Defendants then moved to vacate this order. This motion was denied, but afterwards modified and as entered and reviewed here is

a denial in part. We are now asked to compel its vacation by mandamus

We cannot, within reasonable limits, consider at length the several questions discussed. Defendants insist that if the legal defenses set forth in their answer be upheld, no trial will be had and for that reason the order in question should not have been made. We cannot anticipate such action and feel constrained to pass upon the several requirements of the order. This we will do as therein paragraphed.

1. The first, fourth, fifth, sixth and seventh paragraphs require production of certain conveyances. There is no allegation that any of them are forgeries, nor is there any allegation that they are not all recorded in the office of the register of deeds of the county. Certified copies may easily be procured. Their discovery is, therefore, not indispensably necessary in order for plaintiffs to prepare for the trial of the cause. *Cummer* v. *Kent Circuit Judge,* 38 Mich. 351.

2. The third and fifth refer to insurance policies, no mention of which is made in the bill of complaint, nor does their relevancy appear by any allegation in the petition.

3. The eighth refers to the stenographer's minutes of the trial of the foreclosure case, and the ninth to the subpœna issued and returned served in that case. The defendant, in his affidavit filed in support of the motion to vacate, says he has "no knowledge or control" of the minutes and no "possession or control" of the subpœna. Subsection 3 of section 5 of the rule provides for the vacation of the order—

"Upon the party required to make discovery denying on oath the possession or control of the books, papers or documents ordered so to be produced."

We think his denial meets the requirement of the rule.

4. The tenth requires production of the original will of Mary J. Granger. This is presumably in the files of the probate court. There is no allegation in the bill that defendant has surreptitiously removed it therefrom.

5. The eleventh, twelfth and thirteenth refer to correspondence between McDonald and Finkelston. The bill charges a conspiracy to defraud on the part of these attorneys. Plaintiff cannot be required to produce evidence tending to establish his guilt. *People* v. *Marxhausen*, 204 Mich 559 (3 A. L. R. 413), and cases cited.

6. The fifteenth, sixteenth, seventeenth and eighteenth require production of books and documents kept by McDonald as a trustee of the estate. These should be open to the inspection of the beneficiaries and the originals, or copies of them, should be produced.

The order as made is vacated and set aside, with leave to renew the motion in the circuit court for an order requiring defendant to deposit such books and documents, or copies of them, within a reasonable time. If copies are produced, their verity may be established on the trial by the production of the originals under subpœna *duces tecum.*

The court may then see to it that the personal rights of the defendant as to his private matters are not invaded.

The plaintiffs herein will recover costs against the plaintiffs in the chancery suit.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.