## Harriet Campbell v. John Quackenbush.

*Chattel mortgage: Replevin: Mortgagor's wife: Demand.* One holding a mortgage of a span of horses remaining in use on the farm of the mortgagor's wife where they both reside together, cannot, on breach of condition of the mortgage, bring replevin against the wife alone, without first making a demand of her.

*Lawful possession: Replevin: Wrong-doer: Affirmative action.* The horses in question being lawfully on the farm, and so in the wife's possession, she cannot be charged as a wrong-doer in relation to them until she has taken some affirmative action; and the absconding of her husband, leaving the horses on the farm, could not of itself make her a wrong-doer.

*Evidence: Statements of defendant's husband.* In an action against the wife alone, evidence of statements or acts by her husband in other cases, not shown to have been made or done in her presence or with her knowledge, is entirely incompetent.

*Submitted on briefs January 13. Decided January 18.*

Error to Hillsdale Circuit.

*E. L. & M. B. Koon,* for plaintiff in error.

*George A. Knickerbocker,* for defendant in error.

COOLEY, CH. J :

·  The controversy here relates to the title of a span of horses. The defendant in error claims them by virtue of a chattel mortgage given by Harvey Campbell, the husband of the plaintiff in error. Harvey Campbell lived with his wife on her farm, and the horses were there, and in use. Quackenbush, claiming that a breach had occurred in the condition of the mortgage, replevied the horses without previously making any demand for them. The court below held that no demand was necessary.

We think this was erroneous. The horses were rightfully on the farm, and Mrs. Campbell, who was the owner of the farm, could not be deemed wrongfully in possession until she had refused on demand to surrender them. Her claim that she owned them was not in itself a wrongful act, and could not subject her to a suit. The mortgagee of her husband was at least bound to present his claim and see whether she would recognize it or not, before he could lawfully subject her to the costs of a suit.

We are referred, in support of the ruling, to *Trudo v. Anderson, 10 Mich., 357;* but in that case the possession of the defendant was, as to the plaintiff, a wrongful possession. In this case the horses had remained where they

were left by the mortgagee himself in taking his security, and the only change that had taken place in the position of any of the parties was that which had occurred in the absconding of Harvey Campbell. But this of itself could not make the wife a wrong-doer: if she was not a wrong-doer by reason of the horses being on her farm before his absconding, she was not so afterwards until some affirmative action had been taken by her. The case of *Ballou v. O'Brien, 20 Mich., 304,* to which we are also referred, was, like the previous case, one of wrongful possession.

As this will dispose of the case on a new trial, it seems hardly necessary to go farther; but it may be proper to say that much evidence was received of what had been done by the husband and said by him in other cases, which was entirely incompetent. Testimony of that nature could not be received against this defendant unless the acts or statements testified to were done or made in her presence or with her knowledge.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.