TROPICAL PAINT & OIL CO *v.* HALL.

1. REPLEVIN—DEMAND NECESSARY TO MAINTAIN ACTION.
   Demand for the surrender of possession of a mortgaged automobile is a necessary condition precedent to the mortgagee's right to maintain an action of replevin for the car against the mortgagor, since, until demand, there can be no tortious or wrongful detention.

2. SAME—EVIDENCE—PAYMENT OF NOTE WHICH IS BASIS OF ACTION MAY BE SHOWN.
   Although, in replevin, defendant could not claim or show set-off to reduce the amount due on the note, which was in the nature of a chattel mortgage, he could show that

the note, on which plaintiff's case was planted. had been extinguished by payment.

3. New Trial—Great Weight of Evidence.

A motion for a new trial on the ground that the verdict was against the great weight of the evidence, *held*, properly denied.

4. Discovery—When Allowed—Circuit Court Rule.

An order compelling a party to make discovery of papers and books, under Circuit Court Rule No. 49, ought not to be made unless it clearly appears that the necessary information cannot otherwise be obtained.

5. Appeal and Error—Discovery.

An order compelling plaintiff, before plea, to make discovery of papers and books relating to the account between the parties, *held*, not reversible error, even if it ought not to have been made, where it does not appear that plaintiff was prejudiced thereby.

Error to Newaygo; Barton (Joseph), J. Submitted November 5, 1923. (Docket No. 148.) Decided December 19, 1923.

Replevin by the Tropical Paint & Oil Company against George W. Hall for the possession of an automobile. Judgment for defendant. Plaintiff brings error. Affirmed.

*White & Reber*, for appellant.

*William J. Branstrom*, for appellee.

Clark, J. This is an action of replevin. An automobile was taken on the writ and delivered to plaintiff. The defendant prevailed, waived return of the car, and had judgment for $1,800. Plaintiff brings error.

Plaintiff is an Ohio corporation, engaged in the manufacture and sale of paint. Defendant was a salesman in its employ for several years. Plaintiff loaned or advanced to defendant $800, which sum was

charged against him on its books.   To secure the
amount advanced, defendant made and delivered a
property note, so-called, for the amount, covering his
said car, giving plaintiff the right to take possession
of the car if default be made in payment.   Later, a
dispute arose.   Plaintiff claimed the note was un-
paid, to which defendant did not assent.   This suit
followed.   There were two defenses, that no demand
had been made, and that the note had been fully paid.
Special questions were preferred by plaintiff, two of
which were submitted to the jury.   The questions
and the answers of the jury:

"*First.* Did the plaintiff make a demand upon the
defendant for the surrender of the King automobile
prior to the issuing of the writ of replevin in this
case?   No.
"*Second.* At the time this suit was started had the
defendant paid the property note, plaintiff's Exhibit
1, in full?   Yes."

The court properly submitted to the jury the ques-
tion as to demand, it being on this record one of fact.
Concededly, the note was for security, in the nature
of a chattel mortgage, which is not an absolute sale,
but a security.   Plaintiff's right to take possession
was optional.   The defendant could not be in default
for not delivering up what was not demanded.   Until
demand there would be no tortious or wrongful de-
tention of the property, which is the basis of replevin.
Demand, therefore, was here a necessary condition
precedent.   1 Stevens Michigan Practice, p. 256;
*Cadwell* v. *Pray*, 41 Mich. 307; *Campbell* v. *Quacken-
bush*, 33 Mich. 287.

Appellant contends that defendant had no right in
replevin to claim or show set-off to reduce the amount
due on the note, or to have a balance found in his
favor, citing cases.   True, but he might show that the
note, on which plaintiff's case was planted, had been
extinguished by payment.   *Kohl* v. *Lynn*, 34 Mich.

360.    The court correctly instructed the jury that, if demand was found to have been made, plaintiff was entitled to recover if anything remained unpaid on the note.

The verdict is said to be against the great weight of the evidence.    The trial judge in denying the motion for a new trial held that it was not.    On the question of demand the testimony was flatly conflicting, but there is sufficient evidence to sustain the verdict.    As to whether the note was paid, there is much evidence, including many exhibits, which it will profit no one to review, but a preponderance, we think, in favor of defendant, appears.    The trial judge was right in denying the motion.

The plaintiff was compelled before plea to make discovery of papers and books relating to the account between the parties.    Circuit Court Rule No. 49.    A similar case in facts is *Cummer v. Kent Circuit Judge*, 38 Mich. 351, where, on mandamus, a like order was vacated.    The order ought not to be made unless it clearly appears that necessary information cannot be otherwise obtained.    Perhaps the order here ought not to have been made.    It might have been attacked on mandamus.    But the question here is whether plaintiff was prejudiced thereby.    It does not so appear.    Hence we decline to hold the order and discovery to be reversible error.

No other question need be discussed.    We find no reversible error.

Judgment affirmed.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.