## GEMSA *v.* DORNER.

1. DISCOVERY—PRODUCTION OF BOOKS OF ACCOUNT—WHEN ALLOW-
   ABLE—EXCEPTIONS.

   Order permitting discovery of defendant's books of account for
   purpose of preparing for trial will not be granted unless it
   is affirmatively shown and proven to satisfaction of court
   that the information sought cannot be obtained at trial of
   case by subpœna *duces tecum*, in absence of trust or *quasi*-
   trust relationship between parties, or where contract provides
   for inspection of books and records by adverse party.

2. SAME—ORDER PROPERLY DENIED IN ABSENCE OF PROPER SHOWING.

   In action for amounts claimed to be due under contract engaging
   plaintiff to assist defendant in selling and licensing man-
   ufacturers the right to use certain patents, order for discovery
   in advance of trial was properly denied, in absence of show-
   ing that information sought could not be obtained at trial
   by subpœna *duces tecum*.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted October 20, 1931. (Calendar No. 35,619.)
Decided December 8, 1931.

Three separate actions of assumpsit by Joseph
Gemsa against Hermann Dorner under a contract
for selling certain patent rights. From orders de-
nying plaintiff's petitions for discovery, he appeals.
Cases consolidated on appeal. Affirmed.

*Hobart B. Hoyt* (*Edward H. Rakow,* of counsel),
for plaintiff.

*Pliny W. Marsh,* for defendant.

Butzel, C. J.  Defendant, Hermann Dorner, the owner of certain patents relating to an oil engine, referred to as the Dorner oil engine, employed plaintiff, Joseph Gemsa, to assist him in selling and licensing manufacturers the right to use the patents. He entered into the following written agreement:

> "Detroit, Michigan,
> "December 8, 1925.

"Mr. Joseph Gemsa,
  499 Winona Avenue,
    "Pasadena, California.
"*Dear Sir:*

"In consideration of the services rendered to me in demonstrating the Dorner oil engine and bringing me in contact with certain people, I hereby agree that if I succeed in selling or leasing any of my rights and interests of my patents covering said engine, in the United States of America, you are to receive five (5) per cent. of all cash and two and one half (2½) per cent. interest of all royalties which I may receive.

> "Very truly yours,
> "Hermann Dorner,
> "Hanover, Germany,
> "Hindenburg Str. 25."

Three separate suits were begun for the amounts claimed to be due under this contract. Plaintiff filed a petition for discovery in each case, in which he asked to inspect the books of account, cash books, bank books, and memoranda of defendant and his agents, and all original or copies of agreements entered into by said defendant with the several manufacturers named in the respective cases for the sale or leasing of the rights and interests of defendant's patents relating to the Dorner oil engine. Plaintiff claimed that it was necessary to examine these various documents in order to prepare the bill of

particulars demanded by defendant in each case and also to prepare for trial. Defendant withdrew his demand for bill of particulars. Defendant in his answers in the several cases denies that he had entered into any agreement for the sale or licensing of his patents with any manufacturers with the exception of two of them; that he had disclosed and tendered payment of all moneys due by virtue of licensing agreements with these two manufacturers, with whom he had also entered into a second licensing and optional sales agreement, but had agreed with one of them that he would not disclose the provisions of the contract. Plaintiff appeals from an order of the trial judge denying the petitions, which are here considered as if the cases were consolidated.

An order permitting discovery for purpose of preparing for trial will not be granted unless it is affirmatively shown and proven to the satisfaction of the court that the information cannot be obtained at the trial of the case by a subpœna *duces tecum.* This rule was announced in what has become known as the *Cummer Case* (*Cummer* v. *Kent Circuit Judge,* 38 Mich. 351), and has been approved of frequently by this court, and but recently in *Tropical Paint & Oil Co.* v. *Hall,* 225 Mich. 293.[1] An exception to the rule has been made where a trust or *quasi*-trust relationship exists between the parties or where the contract provides for the inspection of the books and records by the adverse party. As was said in the *Cummer Case:*

"The power of a court of law to order discovery is not only an important power, but is one of great delicacy. It is exceptional and does not belong to the ordinary course of the court, and the instances

[1] See Michigan Court Rule No. 40.

in which it may be exercised, now that parties are made competent, must be exceedingly rare. The practice is exposed to great injustice and mischief, and the jurisdiction is at the best little less than invidious.''

When books and records are produced in court under subpœna *duces tecum,* the rights of parties can be properly safeguarded by the trial judge. Ample opportunity can be given the plaintiff to elicit all necessary information from the books and records, and on the other hand, defendant can be protected from being obliged to disclose private information unrelated to the issue. The right to privacy is an important one and should be safeguarded. In the *Cummer Case,* it was also sought to recover commissions. There is no trust relationship involved in the instant case, nor is there any showing that the information sought cannot be obtained through a subpœna *duces tecum.* The petition asserts that it is necessary to examine the contracts in advance of the trial in order to determine whether they are royalty or sales agreements, but that can be determined at the trial. It undoubtedly would be more convenient to plaintiff to have the knowledge sought for in advance, but that is an insufficient reason for granting the petition under the facts presented in the instant case.

The order denying a petition is affirmed, with costs to defendant.

Wiest, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.