KLETT *v.* HICKEY.

DISCOVERY—PLEADING—PROOF OF NECESSITY—SUBPOENA DUCES TECUM.

In action for commissions on business obtained for defendant through plaintiff's efforts, where it appears that transactions involved had been made within the last year and eight months, had involved only three corporations from whom proof of details could be obtained, and pertinent books and records were in defendant's possession, discovery was unnecessary to enable plaintiff to plead, his own knowledge of recent events, proof available from others, and books, papers and documents in defendant's possession subject to *subpoena duces tecum* being presently available (Court Rule No. 40, § 1 [a] [1933]).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 10, 1944. (Calendar No. 42,830.) Decided January 2, 1945.

·Action by William J. Klett against Henry S. (Stark) Hickey and others, copartners as Stark Hickey Associates, for commissions alleged to be due. On petition of plaintiff for discovery to enable him to declare. Order of discovery granted. Defendants appeal. Reversed.

*Ferris H. Fitch,* for plaintiff.

*Ralph E. Routier,* for defendant.

NORTH, J. Leave having first been granted, defendants have appealed in the nature of mandamus from an order for discovery made in the trial court on petition of plaintiff. After service of summons by which suit was started, defendants appeared and demanded a copy of the declaration. There was no demand for a bill of particulars. Plaintiff, whose suit is for commissions claimed to have accrued to him under the terms of two written agreements with defendants, petitioned for and obtained the order of discovery of defendants' books of accounts, papers and documents "showing all business done by said defendants with and moneys received from the Detroit Aluminum & Brass Corporation, Ford Motor Company and Studebaker Corporation, from and after November 12, 1942."

The first of the two agreements under which plaintiff asserts right of recovery is in the form of a letter and in part reads:

"Confirming our conversation of today, I hereby agree to pay you a commission of 5 per cent. on any business which we may obtain through your efforts.

This agreement covers the contemplated order with the Detroit Aluminum & Brass Company.''

The foregoing addressed to plaintiff was dated November 12, 1942, and signed in behalf of defendants. On February 16, 1943, an agreement executed by plaintiff and defendants modified the foregoing by providing that as to a certain designated part which defendants were selling to the Ford Motor Company plaintiff's compensation should be ''a commission of one cent each up to a maximum of 1,200 pieces per day.''

Plaintiff's petition for discovery was on the ground that discovery was necessary to enable plaintiff to plead. In opposition to plaintiff's petition defendants filed a sworn answer wherein they assert that plaintiff never procured for them ''any great volume of business;'' they deny plaintiff's assertion that they have attempted to repudiate the above-noted agreements and have continued to enjoy any profits derived therefrom; and further defendants assert that the agreements on which plaintiff relies are void as being contrary to the Federal statutes relating to war work, supplies and materials; and that neither of the agreements upon which plaintiff relies was submitted to Federal authorities pursuant to the statutes, rules, and regulations pertaining to war materials and contracts, and consent or approval given thereto as provided by law. And finally defendants in opposition to the petition for discovery assert that they have already paid to plaintiff any and all sums due him.

Plaintiff's petition for discovery, made before issue was joined, falls under Court Rule No. 40, § 1 (a) (1933), which provides such application may properly be made: ''By the plaintiff, to compel the discovery of papers or documents in the possession

of or under the control of the defendant, which may be necessary to enable the plaintiff to declare or answer to any pleading of the defendant.'' Unless we can say the discovery ordered was ''necessary to enable the plaintiff to declare,'' it follows that the order was improperly made. It is somewhat important to bear in mind that incident to defendants' appearance a bill of particulars was not demanded. Plaintiff's right to recover commissions was, under the agreement of November 12, 1942, dependent ''on any business which we may obtain through *your* (*plaintiff's*) *efforts.*'' What defendants' records might show as to business done with any of the three companies named in the 1942 agreement was wholly immaterial unless plaintiff proved such business was obtained through his efforts. As noted, the relation between plaintiff and defendants had its inception November 12, 1942; and the petition for discovery was filed July 14, 1944. Obviously all the transactions in consequence of which defendants had obtained any business through plaintiff's efforts were of comparatively recent date; and plaintiff himself must have had detailed knowledge of the efforts he had made in this respect and in sufficient detail to enable him to properly plead his cause of action. Further, details of the volume or extent of such business, at the time proof of such details might be required, would be obtainable from the parties from whom plaintiff obtained business for defendants. Under the circumstances it is quite inconceivable it was at all necessary that defendants should turn over to plaintiff all their books, documents, et cetera, ''showing all business done by said defendants with and moneys received from'' the three corporations named in the 1942 agreement. Instead, plaintiff's application savors rather strongly of a fishing expedition designed to place in his hands details of

information to be used by him in asserting a claim. We conclude that the discovery sought by plaintiff and ordered by the court was not "necessary to enable the plaintiff to declare" in this case. Especially is this true since in defendants' answer to the petition for discovery it is disclosed that the books, documents, et cetera, as to which discovery was sought are in defendants' possession and can be obtained at the time of trial by use of *subpoena duces tecum;* and, if competent, received in evidence. For a more detailed discussion of this phase of the law in this jurisdiction see *Gemsa* v. *Dorner,* 256 Mich. 195, wherein Mr. Justice BUTZEL, speaking for the Court, said:

"An order permitting discovery for purpose of preparing for trial will not be granted unless it is affirmatively shown and proven to the satisfaction of the court that the information cannot be obtained at the trial of the case by a *subpoena duces tecum.*"

In the case just cited discovery sought by the plaintiff was denied. We are mindful that the stated rule is not without limitations, depending upon the circumstances disclosed in the particular case in which discovery is sought. This was pointed out in *Scarney* v. *Clarke,* 276 Mich. 295. But in that case the petition for discovery, together with the pleadings already filed in the case, clearly disclosed that the facts essential to the presentation of plaintiffs' case were so completely and exclusively in the hands of defendants who were in somewhat of a trust relation to plaintiffs, that discovery was practically indispensable. Accordingly it was granted. The circumstances were of a similar character in *Hallett* v. *Michigan Consolidated Gas Co.,* 298 Mich. 582, where in this Court a modified and "clarified" order for discovery was authorized. In this *Hallett Case*

petitions were filed for the purpose of obtaining information as to the cause of the explosion of certain water-heating apparatus. This information was necessary (the same as information of like character was necessary in the *Scarney Case*) to enable the plaintiff to prepare and file a proper declaration alleging negligence in a tort action. But as above noted, the instant case is not of that type. In plaintiff's present petition discovery is sought solely on the ground that it is "necessary to enable the plaintiff to declare." Plaintiff's petition for discovery and defendants' answer thereto disclose that no such necessity exists. Whether later in this case plaintiff may be entitled to discovery for the purpose of properly preparing for trial of the case is not presently before us for consideration.

Discovery sought in plaintiff's present petition should have been denied by the trial judge. The order granting discovery should be vacated. If necessary the proper writ will be issued. The case is remanded to the trial court for further proceedings. Because other questions presented by appellants can be more appropriately disposed of at the hearing of the case on the merits, they are not at present determined. Appellants will have costs of this Court.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.