## NESTLE *v.* FLEMING.

1. DISCOVERY—COURT RULE—DEPOSITIONS BEFORE TRIAL.
   Court Rule No. 41 (1931), permitting taking of depositions before trial, is extension of old practice of discovery, and party invoking rule must definitely state subjects of intended inquiry and thus show materiality and nature thereof, and may not, at examination, go beyond such specifications.

2. SAME—MOTION TO VACATE NOTICE—ISSUES.
   Right to take deposition under Court Rule No. 41 (1931) may be tested by motion to vacate notice, and issue then is whether reasons for notice and information sought disclose *bona fide* need in framing issue or preparing for trial.

3. SAME—GOOD FAITH IN INVOKING RULE ASSUMED—POSSIBILITY OF ABUSE INSUFFICIENT TO WARRANT INHIBITION OF RIGHT.
   Where declaration charges seduction and rape of 14-year old girl, averring place, but date of alleged intercourse is averred to have been one of three mentioned Saturdays, and defendant's attorneys, seeking information as to time, place, and circumstances of said alleged seduction, gave notice of taking girl's deposition under Court Rule No. 41 (1931), court must assume that right accorded by said rule is invoked in good faith, and may not anticipate abuse or hold that possibility of abuse warrants inhibition of said right.

Appeal from St. Clair; Robertson (William), J. Submitted February 28, 1933. (Calendar No. 37,064.) Decided April 4, 1933.

Case by Kent Nestle, as guardian of Altha Nestle, against William Fleming for seduction and rape. Motion to vacate defendant's notice of taking deposition denied. Plaintiff appeals, and seeks mandamus directing circuit court to vacate notice. Mandamus denied.

*Stewart & Black,* for plaintiff.

*Walsh, Walsh & O'Sullivan,* for defendant.

WIEST, J.   Before pleading to a declaration, charging seduction and rape of a 14-year old girl, attorneys for defendant desired information as to the time, place, and circumstances of the alleged seduction and carnal knowledge, and to that end gave notice of taking the deposition of the girl under Court Rule No. 41 (1931).   Counsel for plaintiff moved the circuit court to vacate the notice.   The court denied the motion, and by this appeal plaintiff seeks our writ of mandamus directing the circuit court to vacate the notice.

Court Rule No. 41 (1931), so far as necessary to quote, provides:

"Any party to an action or suit may cause to be taken by deposition   *   *   *   at any time after action commenced and before trial, the testimony of any other party, or any person who has verified a pleading of another party, which is material and necessary in the prosecution or defense of the action or suit."

Counsel for plaintiff insist that the information sought is not necessary in order for defendant to plead.   The rule is an extension of the old practice of discovery.   The party invoking the rule must definitely state the subject or subjects of intended inquiry and thus show the materiality and nature thereof, and may not, at the examination, go beyond such specifications.

Right to take the deposition can be tested by motion to vacate the notice.   The issue then is whether the reasons for the notice and the information sought disclose a *bona fide* need in framing an issue

or preparing for trial. The examination must not be for the purpose of enabling one party to merely pry into the case of the other to learn its strength or weakness, but only to seek information essential to the framing of appropriate issues and preparation for trial thereof.

The date of the alleged carnal intercourse ·is averred to have been on one of three mentioned Saturdays. While right to maintain the action does not depend upon a particular date, so long as not barred by the statute of limitations (3 .Comp. Laws 1929, § 13976), yet.if the exact date is known to a certainty it should,· in fairness, be disclosed.

The place is averred in the declaration but we cannot say that this bars examination under the rule. A disclosure of the circumstances of an alleged seduction will, of course, bear a direct relation to the issues at the trial.

We must assume that the right accorded by the rule is invoked in good faith, and we cannot anticipate an abuse nor hold that possibility of abuse warrants inhibition of the right.

The writ is denied, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.