BARTENBACH *v.* SMITH.

1. DISCOVERY—MATTERS WITHIN KNOWLEDGE OF PLAINTIFF—DIS-
CRETION OF COURT.

Entry of order for examination of defendant, as to his alleged
fraudulent representations made to plaintiff, pursuant to rule
for discovery *held,* not an abuse of discretion notwithstanding
such matters were obviously within knowledge of plaintiff,
although the court might very properly have excluded such
matters (Court Rule No. 41 [1933]).

2. SAME—PURPOSE OF RULE.

One of the main purposes of rule allowing discovery before trial
is to shorten the time of trial, not to provide an additional
inquisitorial procedure (Court Rule No. 41 [1933]).

3. SAME — FRAUDULENT REPRESENTATIONS — MATTERS PECULIARLY
WITHIN KNOWLEDGE OF PARTY EXAMINED.

In action for damages for fraud, order for discovery as to de-
fendant's knowledge of condition of companies as to which
he made representations in sale of stock, *held,* proper since
such matters were peculiarly within knowledge of defendant
and unknown to plaintiff and a material part of her cause of
action (Court Rule No. 41 [1933]).

4. SAME—MATTERS NOT INCLUDED IN APPLICATION.

Court did not abuse its discretion in entering order for dis-
covery which embraced matters not included in plaintiff's
application therefor but which pleadings revealed were in a
state of confusion (Court Rule No. 41 [1933]).

5. SAME—DISCRETION OF TRIAL JUDGES.

Operation of rule for discovery before trial must be left to dis-
cretion of trial judges (Court Rule No. 41 [1933]).

Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted June 26, 1934. (Calendar No. 37,821.)
Decided October 1, 1934.

Action by Nellie S. Bartenbach against Wendell L. Smith, for alleged misrepresentation in sale and exchange of stocks. On motion of plaintiff for discovery under Court Rule No. 41 (1933). From order allowing discovery, defendant appeals. Affirmed.

*N. A. Cobb,* for plaintiff.

*James Cleary* and *Burritt Hamilton,* for defendant.

Butzel, J. Nellie S. Bartenbach brought suit against Wendell L. Smith, alleging that defendant, an officer and director of the A-B Stove Company, contracted to purchase from her 4,000 shares of the common stock of that company at $20 per share; that he subsequently advised her that he was unable to pay the full amount in cash and that she, therefore, would be obliged to accept a small amount of preferred stock in the stove company as part of the purchase price; that she informed defendant of her unfamiliarity with the condition of the A-B Stove Company and of her desire to take cash in payment, as agreed upon, and purchase preferred stock of the Firestone Tire & Rubber Company; that thereupon defendant, professing familiarity with the financial condition of both companies, made representations as to the relative values and merits of the preferred stock of the two companies and the strength of their financial positions, etc., and that relying on these representations, which plaintiff alleges were false, she was induced to accept preferred stock of the stove company instead of cash as first agreed upon; that she repeatedly requested statements of the condition of the stove company from defendant, but was unable to obtain them; and that as a result of such

false representations she suffered a severe loss. Defendant filed an answer in which he denied that he ever contracted to purchase common stock of the A-B Stove Company from plaintiff for cash, alleging instead that no contract was made with her until the final one, in which he and another severally purchased 2,000 shares each of plaintiff's common stock, for cash and preferred stock of the stove company. Defendant further denied that he made any of the statements or representations ascribed to him by plaintiff, but alleged that, as a matter of fact, at the time of the transaction the preferred stock of the A-B Stove Company was a sound and valuable stock, not inferior to that of the Firestone Tire & Rubber Company. After defendant's answer was filed, plaintiff moved the court for an order directing that defendant's deposition be taken within a scope sufficient to cover the following subjects:

"The question of the representations made by him to the plaintiff in said cause, respecting the exchange of stock set forth in said declaration; and as to the financial condition of the A-B Stove Company for a period of years, commencing in 1926 down to and including 1932; and as to the knowledge of said defendant concerning the financial condition of the Firestone Tire & Rubber Company at the date of said exchange of stock."

The court entered an order in accordance with the provisions of Court Rule No. 41 (1933), directing that defendant submit to an examination in reference to—

"An agreement by defendant to purchase plaintiff's common stock in the A-B Stove Company; the question of the representations claimed to have been made by defendant to plaintiff respecting the exchange of said stock, as set forth in plaintiff's dec-

laration; the financial condition of the A-B Stove Company at the date of the exchange of said stock; the knowledge of defendant concerning the financial condition of the Firestone Tire & Rubber Company, at the date of the exchange of said stocks; who purchased said stock of plaintiff and the consideration therefor.''

The sole question presented is whether plaintiff is entitled to discovery as granted by the trial court under Court Rule No. 41 (1933), under the particular facts of this case. Court Rule No. 41 provides as follows:

''On application, notice and hearing, any court of record may, in its discretion, in any civil action therein pending at any time before trial, authorize and order the taking of the deposition of the opposite party or parties, its or their officers and agents, or of any person who for such opposite party has verified a pleading or an affidavit attached thereto; also of the plaintiff's assignor, if any, from or through whom plaintiff became possessed of his rights in the subject-matter of the suit. The scope of such deposition, the time, the place, the person before whom the same is to be taken and the manner of taking the deposition may be fixed in such order; and the court may require the party who proposes to take such deposition or its or his agent also to appear and submit to examination at the taking of such deposition.''

The above rule was substituted for Court Rule No. 41 (1931), which provided:

''Any party to an action or suit may cause to be taken by deposition * * * at any time after action commenced and before trial, the testimony of any other party * * * which is material and necessary in the prosecution or defense of the action or suit.''

In *Vincent* v. *Van Blooys,* 263 Mich. 312, this court pointed out the purpose and advantages of the discovery procedure, indicating that if evils should develop from an abuse of the rule, a remedy would be found. (Also, see, *Fisher* v. *Smith,* 259 Mich. 279, and *Nestle* v. *Flemming,* 262 Mich. 417.) The discovery practice has been used to advantage in Ontario and in many jurisdictions in this country, and its benefits are manifold, while many of the evils which it was feared would result from its use have failed to materialize. See Ragland on "Discovery before Trial."

Defendant claims that the trial court erred in ordering discovery in regard to the representations alleged to have been made by him, on the ground that plaintiff has full knowledge as to whatever representations were made. The same objection was raised in *Klapp* v. *Merwin,* 122 Misc. 708 (203 N. Y. Supp. 694); *Maria* v. *Bower,* 134 Misc. 800 (236 N. Y. Supp. 291); *McGrath* v. *Blumenthal,* 220 App. Div. 781 (222 N. Y. Supp. 140), and *Drake* v. *Line-A-Time Manfg. Co.,* 226 App. Div. 717 (233 N. Y. Supp. 481), in all of which cases the court held that the fact that the matters as to which examination was sought were within the knowledge of the opposite party did not bar the use of the discovery rule. It is true that in *Zolla* v. *Grand Rapids Store Equipment Corp.,* 46 Fed. (2d) 319, the court required that on a bill of discovery ancillary to a proceeding at law the interrogatories be refrained so as to eliminate matters within the knowledge of the party seeking the information. However, another Federal court, in *Quirk* v. *Quirk,* 259 Fed. 597, came to an opposite conclusion, holding that:

"It makes no difference whether the facts are as much within the knowledge of the plaintiff as of the

defendant. The facts have to be proven, and if the plaintiff can get an admission from the defendant, it saves the necessity of proving the facts, except by such admission of the defendant."

One of the main purposes of the discovery rule is to shorten the time of trial, and it would serve no good purpose if the rule were used solely as a means of harassing defendant by subjecting him unnecessarily to an additional inquisitorial procedure, or as defendant claims, forcing him to two trials instead of one. We believe that in the instant case the court might very properly. have excluded from the scope of the discovery the question of the representations made by defendant, which were obviously within the knowledge of the plaintiff. However, we cannot say that the court abused the discretion granted it by Court Rule No. 41 (1933), in not so doing.

The other questions relative to the financial condition of the stove company at the time of the transaction, and defendant's knowledge concerning the financial condition of the Firestone company, were unquestionably proper subjects on which to interrogate defendant. Such matters were peculiarly within the knowledge of defendant, while not known to plaintiff, and were so material a part of plaintiff's cause of action that the purpose of the discovery rule would have been thwarted had they been omitted from the examination.

Objection is further made that the court erred in embracing in its order matters not included in plaintiff's application. This was done in order that the benefits of the examination might more completely be realized by bringing out facts which the pleadings revealed to be in a state of confusion. We find that there was no abuse of discretion on the part of the court in thus defining the scope of the

examination, as it had a right to do under Court Rule No. 41 (1933). We might add that the rule is still in an experimental stage and its operation must be left to the discretion of the trial judges, so that its advantages and benefits, as experienced by other States, may be fully realized, and the evils, if any, be eliminated.

We do not believe that the trial court in the instant case abused its discretion in entering the order in question, which is, therefore, affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with BUTZEL, J.

WIEST, J. (*concurring*). I concur, because I think the order within the rule, but I do not join in the laudation of the rule.

POTTER, J., concurred with WIEST, J.