### SHERMAN v. ATWOOD.

1. AUTOMOBILES—NUMBER PLATES—PRINCIPAL AND AGENT—STATUTES.
   In mandamus proceeding to compel secretary of State to issue automobile license plates to agent of the owner, record *held*, to sustain defendant's claim that agent was trafficking in number plates for profit without defendant's authorization so to do and contrary to statute (1 Comp. Laws 1929, § 4655, as amended by Act No. 281, Pub. Acts 1931).

2. MANDAMUS—DISCRETION OF COURT—VIOLATION OF STATUTE.
   Mandamus is a writ to be granted or refused in the exercise of sound discretion of the court and should never issue where it is clearly discerned its issuance will aid another in carrying out an unlawful purpose or to violate a statute.

3. SAME—AUTOMOBILE NUMBER PLATES—PRINCIPAL AND AGENT—STATUTES.
   Owner of automobile *held*, not entitled to writ of mandamus compelling secretary of State to issue number plates to owner's agent operating at former location of defendant's branch office directly in violation of motor vehicle registration statute (1 Comp. Laws 1929, § 4655, as amended by Act No. 281, Pub. Acts 1931).

Mandamus by Mayer Sherman against Orville E. Atwood, Secretary of State, to compel the issuance

of motor vehicle license plates. Submitted February 24, 1936. (Calendar No. 38,840.) Writ denied March 2, 1936.

*Arthur L. Robbins* (*Julius L. Kabatsky* and *Harold M. Silverston,* of counsel), for plaintiff.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for defendant.

POTTER, J. Plaintiff, claiming to be the owner of an automobile and to have submitted through his agent and representative, Harry Gonte, an application in proper form for his 1936 license plates for his automobile, together with the legal fees therefor and his certificate of title, was refused license by the secretary of State's branch office in Detroit. The reason assigned for the refusal to deliver the plates to Harry Gonte, plaintiff's agent, was that the application for the license plates was submitted by Gonte as plaintiff's agent and representative. An order to show cause was issued and defendant answered admitting plaintiff's claim but alleging that because of certain illegal practices on the part of Harry Gonte as enumerated in the answer, and under instructions issued by the secretary of State, the branch office refused the application for registration and to issue plates for plaintiff's automobile. Defendant alleges that for 13 years the Detroit branch of the secretary of State's office was at 3136 Cass avenue; that it removed therefrom to 4105 Cass avenue; that Harry Gonte moved into the office vacated by the secretary of State and put out a large sign "License Title Service" in conspicuous letters and that many people were misled, believing such office was the secretary of State's office, and

did business with Harry Gonte who was charging other fees than those authorized by statute; that frequent complaints were made and an investigation was had. Harry Gonte was doing business in violation of law and without the consent of the office of the secretary of State. There was testimony in the record tending to sustain the allegations made by the respective parties and the question is whether or not we should issue a writ of mandamus herein.

Plaintiff says the secretary of State may not refuse to deliver license plates to the agent and representative of the owner of a motor vehicle on the sole ground the agent and representative is receiving compensation for his services in procuring the license plates for the owner, while defendant says the question involved is whether this court in the exercise of its discretion should issue its writ of mandamus requiring the secretary of State to deliver a motor vehicle license and the accompanying plates to the agent of a motor vehicle owner when it appears such agent is violating the motor vehicle registration act and is engaged in a fraudulent and illegal enterprise to the detriment of the general public, it further appearing the secretary of State stands ready and willing to deliver such license plates to the owner of the vehicle.

The statute, 1 Comp. Laws 1929, § 4655, as amended by Act No. 281, Pub. Acts 1931, provides that the secretary of State has authority to establish offices in different parts of the State to facilitate the efficient distribution of license plates under the automobile registration law; may require a bond of the persons to cover the safe handling of the moneys received thereunder; for compensation and expenses, etc. The statute further provides:

"It shall be unlawful for any person, copartnership, association or corporation to distribute or otherwise traffic in number plates for profit or solicit, ask for or receive any compensation (except legal notary public fees) for procuring number plates for the owner of a motor vehicle, without first being authorized so to do by the secretary of State."

The record sustains the claim that Harry Gonte, plaintiff's agent, is trafficking in number plates for profit, is soliciting by signs the patronage of the public, that he asks for and receives compensation other than notary public fees for procuring number plates for the owners of motor vehicles and that he is not authorized so to do by the secretary of State.

Should we issue the writ in this case directing the secretary of State to accept the application of plaintiff made by Harry Gonte and to issue the license and plates to Harry Gonte, we would be ordering the secretary of State indirectly to recognize as legitimate and legal the illegitimate and illegal business of Harry Gonte. Mandamus is a writ which is to be granted or refused in the exercise of the sound discretion of the court and it ought never to issue where it is clearly discerned its issuance will aid another in carrying out an unlawful purpose, in promoting public or private mischief, or when the result of its issuance would be to direct the person to whom it is issued to violate the declared public policy of the State. This court ought not to issue its writ of mandamus to the secretary of State herein to compel the secretary of State to recognize or aid one who is engaged in the unlawful transaction of business in violation of the express terms of the statute prohibiting him from so doing. What plaintiff really asks in this case is that we direct the secretary of State, without whose author-

ity Harry Gonte is not authorized to do business, to recognize Harry Gonte as being lawfully engaged in business when he is engaged in business in direct violation of the statute. This we decline to do.

The writ of mandamus will be denied, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred.