MAGEL *v.* KULCZYNSKI.

1. DISCOVERY—NECESSITY.

Party seeking order granting right to take deposition of opposite party in advance of trial may not complain of refusal to grant it except upon a showing of necessity (Court Rule No. 41 [1933]).

2. SAME—AUTOMOBILES—SCOPE OF ORDER—DISCRETION OF COURT—DILIGENCE.

In action for death of plaintiff's decedent who had failed to make a statement to anyone as to manner in which accident had occurred, where court had granted order for discovery as to defendant's physical condition at time of collision and mechanical condition of, and damage .to, automobile he operated but refused to broaden scope of inquiry to include manner and means of its operation, such refusal *held,* not an abuse of discretion vested in trial court, on showing made which did not disclose diligence on part of plaintiff to obtain desired information otherwise than by taking of defendant's deposition (Court Rule No. 41 [1933]).

3. SAME—DISCRETION OF TRIAL JUDGES.

Operation of rule for discovery before trial must be left to discretion of trial judges (Court Rule No. 41 [1933]).

4. SAME—NECESSITY—SUPREME COURT.

Nothing short of a clear showing of a *bona fide* need in framing an issue or preparing for trial would justify Supreme Court in reversing an order of a trial court denying application to take deposition of the opposite party (Court Rule No. 41 [1933]).

5. MANDAMUS—DISCRETION—DISCOVERY.

Discretionary writ of. mandamus to compel trial judge to broaden scope of order for discovery by deposition before trial, where the granting of such an order is a matter of discretion, is denied in the absence of showing there has been a violation of a clear legal right possessed by party seeking the writ (Court Rule No. 41 [1933]).

Appeal from Wayne; Moll (Lester S.), J. Submitted April 21, 1936. (Calendar No. 38,935.) Decided June 16, 1936.

Case by Norman H. Magel, special administrator of the estate of John Toles, deceased, against Anthony Kulczynski for death of plaintiff's decedent from injuries received in an automobile collision. On motion of plaintiff for discovery by deposition before trial. Plaintiff reviews order allowing discovery within a limited scope, by appeal in the nature of mandamus. Writ denied.

*Alan J. Stone,* for plaintiff.

*L. J. Carey* and *George J. Cooper,* for defendant.

NORTH, C. J. Appellant is the plaintiff in a suit for damages arising from an automobile collision which resulted in the death of plaintiff's decedent. On this appeal mandamus is sought to compel the circuit judge to modify and enlarge the scope of an order granting plaintiff the right to take the deposition of defendant in advance of the trial as provided in Court Rule No. 41 (1933). In part the rule reads:

"On application, notice and hearing, any court of record may, in its discretion, in any civil action therein pending at any time before trial, authorize and order the taking of the deposition of the opposite party or parties, * * * The scope of such deposition, * * * may be fixed in such order."

The circuit judge ordered the taking of defendant's deposition but limited its scope to inquiry as to defendant's "physical condition" (as to intoxication) at the time of the collision, and the mechanical condition of and damage to the automobile operated

by defendant. By his motion plaintiff sought an order authorizing the taking of defendant's deposition touching other facts claimed by plaintiff to be essential to the preparation and trial of his case. However, upon oral argument in this court, appellant conceded that his only ground of complaint is the refusal of the court to include in the order the taking of defendant's deposition concerning "the manner and means of the operation of the said motor vehicle at the time and place aforementioned."

The only showing made before the circuit judge in support of plaintiff's motion was a single affidavit. We quote in full the material portions:

"That plaintiff's decedent was killed as a result of the said collision, and that he was, from the time of the said collision until his death, unable to make a coherent statement of the said accident, by reason of his injuries.

"That the matters concerning which this petitioner seeks discovery are necessary to enable plaintiff to properly prepare a declaration in this cause."

The question for review is the right of appellant to mandamus to compel the circuit judge to modify and enlarge the order for taking defendant's deposition in the manner and to the extent hereinbefore indicated. Decision does not turn upon whether the circuit judge might well have broadened the scope of his order had he been disposed to do so. Nor is it a question of whether an order broader in its scope would be considered by us better adapted to the needs of a case such as this, wherein plaintiff's decedent died without having stated to anyone the facts and circumstances surrounding this accidental injury. Instead the question is this: Does the record clearly disclose an abuse of discretion on the part of

the circuit judge, tested in the light of the showing made in support of plaintiff's motion?

The party seeking an order of this character may not complain of refusal to grant it except upon a showing of necessity. Otherwise refusal to grant the order could not be held to be an abuse of discretion. In this case plaintiff's motion was not supported by a showing of diligence on his part in an effort to obtain the desired information otherwise than by taking defendant's deposition. If by acting with reasonable diligence plaintiff could otherwise advise himself concerning "the manner and means of the operation of said motor vehicle," the trial judge was clearly acting within the scope of his discretion in denying in this particular a pretrial examination of defendant. In the absence of a showing to the contrary, it was fair to infer that by reasonable diligence plaintiff could obtain so much of the desired information as is essential to proper pleading and preparation for trial without resorting to the taking of defendant's deposition. By the express terms of the rule governing this practice the trial court may, *in its discretion,* grant or deny the application to take the deposition of an opposite party. See Court Rule No. 41 (1933). In commenting on this court rule Justice BUTZEL in *Bartenbach* v. *Smith,* 268 Mich. 653, 659, said:

"We might add that the rule is still in an experimental stage *and its operation must be left to the discretion of the trial judges,* so that its advantages and benefits * * * may be fully realized, and the evils, if any, be eliminated."

Nothing short of a clear showing of a *bona fide* need in framing an issue or preparing for trial would justify this court in reversing an order of the trial

court denying an application to take the deposition of the opposite party. *Zoski* v. *Gaines,* 271 Mich. 1.

Not only was the granting or denying of the order sought by appellant discretionary with the trial judge, but on review of his order in the nature of mandamus, it must be borne in mind that granting or denying the writ of mandamus by this court is also a matter of discretion. *Sherman* v. *Atwood,* 274 Mich. 621. It should not issue in the absence of a showing that there has been a violation of a clear legal right possessed by the party seeking the writ. *George N. Fletcher & Sons* v. *Alpena Circuit Judge,* 136 Mich. 511; *Wilson* v. *Cleveland,* 157 Mich. 510 (133 Am. St. Rep. 352).

For the reasons above indicated the writ of mandamus sought by appellant is denied, with costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.