SCARNEY *v.* CLARKE.

1. DISCOVERY—COURT RULES.

Purpose of court rule providing for petition by plaintiff to compel discovery of books and records by defendant is to enable former to declare more fully and also to answer defendant's pleadings (Court Rule No. 40 [1933]).

2. SAME—TRUSTS—PLEADING—DENIAL.

Plaintiff physicians, surgeons and dentists, seeking to impress trust on realty for clinic purposes by way of bill praying specific performance, injunction, accounting, receiver and discovery and who later petitioned for discovery of certain records are not to be denied such relief merely because defendants in their answer denied plaintiffs' allegations claiming to establish trust relationship (Court Rule No. 40 [1933]).

3. SAME—SUBPŒNA DUCES TECUM—PREPARATION FOR TRIAL—PLEADINGS.

Rule that discovery will not be allowed for purpose of enabling plaintiff to prepare for trial unless information cannot be obtained at trial by a subpœna *duces tecum* does not apply where discovery is sought to enable plaintiff to prepare pleadings, otherwise amendments causing confusion and delay would result (Court Rule No. 40 [1933]).

4. SAME—COURT RULES—LIBERAL CONSTRUCTION.

Court rule relating to discovery should receive a liberal construction (Court Rule No. 40 [1933]).

5. SAME—TRUSTS—SCOPE.

Physicians, surgeons and dentists, alleging they participated with defendants in establishment of a clinic *held*, entitled, in suit to impose trust for clinic purposes on property so used and alleged to have been donated by contributor for such purpose, to discovery of documents and records relating to contribution and use thereof, amount of it, disbursements, cost and identity of equipment claimed by a defendant and maintenance operations but not to gift tax returns and allied papers (Court Rule No. 40 [1933]).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 21, 1936. (Calendar No. 38,955.) Decided June 16, 1936.

Bill by Herman D. Scarney and others against Norman E. Clarke and others for specific performance of a contract, an accounting, appointment of a receiver and other relief. On petition of plaintiffs for discovery pursuant to Court Rule No. 40 (1933).

Plaintiffs review denial of petition by appeal in the nature of mandamus and certiorari. Writ allowed.

*George E. Brand,* for plaintiffs.

*Monaghan, Crowley, Clark & Kellogg* and *Colby, Berns & Costello,* for defendants.

Toy, J. This is an appeal, in the nature of mandamus and certiorari, from an order of the circuit court of Wayne county, in chancery, denying plaintiffs' petition for discovery and production by defendants, of certain books, records, documents and papers.

Plaintiffs filed their bill of complaint in this cause, copious in extent, alleging, in substance, that they are practicing physicians, surgeons and dentists, respectively, in the city of Detroit, and that in 1932 and early in 1933, defendant Norman E. Clarke represented to plaintiffs that he had induced a private benefactor, who desired to establish a memorial, to make available the sum of $120,000 for the purpose of establishing a clinic as such memorial, and that if plaintiffs would become clinic members with him, the funds donated would be perpetually devoted to the purpose of the clinic and used to acquire a building site and to erect a building thereon and equip it for the purposes of the clinic.

The bill alleges that Clarke represented that the benefactor reserved no right of control over, nor of benefit from the memorial or clinic; that the clinic would be self-governing; that none of the capital investment in the building or clinic would have to be repaid; that none of the funds would inure to the benefit of anyone not a clinic member; that Clarke would receive no financial return except his share of fees paid by patients; that a corporation

would be organized to hold title to the realty for the sole purposes of the clinic and thus assure its continued use for the clinic.

It alleges that the purpose of the clinic was to accomplish an organization for the group practice of medicine, surgery, and dentistry, so as to render centralized service thereof at a "gauged" cost, which would be attained by decreased overhead cost, pooling of equipment, and similar acts of business and professional efficiency.

It is alleged that in reliance upon the representations made by Clarke, the plaintiffs agreed with him that plaintiffs, and defendants Clarke and Norconk, would form the clinic; that they would give up their individual professional offices, and establish them, together with their equipment, in the clinic building, which was to be completely erected and equipped out of the $120,000, and which would be held and operated for the sole and perpetual use of the clinic; that the defendant Polyclinic Building Corporation, would perpetually hold the title to the clinic realty for the sole purpose of the clinic.

It is alleged that plaintiffs complied with the agreement, and that the clinic has been and still is in operation.

Further the bill avers that by reason of the aforementioned representations and agreement, the funds, land, building and equipment, and the stock of the corporation became impressed with a trust for the benefit of the clinic and its members.

Plaintiffs charge that unknown to them the corporation, at the instance of defendants, transferred, through a third person, the title of the land and building to Clarke and his wife as tenants by the entirety; that Clarke has, without right, assumed full control of the records of the clinic; that he refuses to permit plaintiffs to inspect them; that he

refuses to disclose anything regarding the expenditures made on behalf of the clinic; that he now maintains that the $120,000 was given outright and unconditionally by the benefactor to him personally, and not for the use of the clinic; that he now claims to be the sole owner of the land, building, and equipment, with the right to dissolve the clinic at any time; that Clarke served a notice in writing upon the plaintiffs on November 9, 1935, demanding that plaintiffs recognize his asserted rights or vacate the premises.

Plaintiffs allege that unless they are given the right of inspection of the books, records, documents and papers relating to the contribution, the identity of the benefactor, the amounts contributed, the expenditures made, the equipment purchased, the operation cost, they will be unable to declare against defendants by proper bill of complaint.

Plaintiffs pray for specific performance, injunction, accounting, receiver if necessary, and discovery.

Defendants filed their respective answers to the bill, denying the alleged representations and agreement, to have been made, and denying any rights whatever of plaintiffs to the property or clinic. They pleaded, in special defense, the statute of frauds (3 Comp. Laws 1929, § 13411), the statute of uses and trusts (3 Comp. Laws 1929, §§ 12967–12993), and estoppel.

Thereafter plaintiffs filed their petition for discovery, pursuant to Court Rule No. 40 (1933), alleging the facts to be substantially the same as hereinbefore narrated, and seeking the order of the court compelling the defendants to produce and make discovery of the following:

"(a) All documents, letters, telegrams or other writings written or signed by any of said defendants

and/or the said benefactor or her representative or attorney, relating to the said contribution and the use thereof.

"(b) All gift tax returns, and copies, work sheets and memoranda thereof, relating to said contribution.

"(c) All books and records showing the amount of such contribution and all disbursements made therefrom.

"(d) All books and records showing the amounts expended in the purchase of the land site and the erection and equipment of the building thereon.

"(e) All records showing the cost and identity of all equipment in said building claimed to belong to said Norman E. Clarke personally and not paid for out of said contribution.

"(f) All records showing the cost of operating and maintaining said building, including taxes, insurance and repairs from date of construction to date.

"(g) All writings, letters and documents signed by Grace M. Mercer other than her affidavit attached to said answer of said Norman E. Clarke."

The defendant Norman E. Clarke filed answer to the petition, in which he refers to the denials made in his sworn answer; admits his refusal to permit plaintiffs to inspect the books, records, documents and papers in question; denies their right to do so; says that plaintiffs' right to such examination is contingent upon an adjudication that plaintiffs have an interest in the real estate or improvements thereon; contends that the writings, for which discovery is sought, can "easily" be produced at the trial by subpœna *duces tecum.*

The circuit judge denied discovery, but gave no reasons therefor.

This discovery is sought pursuant to Court Rule No. 40 (1933), which reads, in part:

"SECTION 1. Application may be made by petition to any court of record, * * * to compel the production and discovery of books, papers and documents relating to the merits of any action or suit pending in such court, or of any defense to such suit or action, in the following cases:

" (a) By the plaintiff, to compel the discovery of papers or documents in the possession of or under the control of the defendant, which may be necessary to enable the plaintiff to declare or answer to any pleading of the defendant."

It is sought to enable the plaintiff to more fully declare and to also answer the pleadings of defendants.

The bill makes allegations, which, it is claimed, constitute a trust relationship. These are denied by answer. This denial does not of itself prohibit discovery. It is obvious that if these allegations were admitted, no discovery would be necessary. It is because they are denied that discovery is sought. Mere denial of the claims of plaintiffs does not, *ipso facto,* prevent discovery. It lends, rather, to its allowance.

The averment in defendant's answer to the petition for discovery, that "the books, records, documents and papers for which discovery is sought, can easily be produced at the trial of this cause, by notice or subpœna *duces tecum*" of itself admits the existence of these papers in the possession of defendants. Therefore to require of them that they produce such papers is feasible. The question remains then: are plaintiffs entitled to such production at this time?

Defendants contend that because of the fact that the papers may be obtained under subpœna *duces tecum* bars plaintiffs' right to discovery and production, under the authority of *Gemsa* v. *Dorner,* 256 Mich. 195.

That case was founded upon three separate actions in assumpsit, consolidated on appeal. No trust relationship was involved. The plaintiffs claimed it was necessary to examine certain documents in order to prepare a bill of particulars demanded by defendant, and also to prepare for trial. The right to have discovery for the purpose of answering defendant's demand for bill of particulars did not remain in issue, because defendant withdrew his demand. The only reason for discovery remaining was that of enabling plaintiff to prepare for trial. We there held that, *for that purpose,* discovery will not be granted, "unless it is affirmatively shown and proven to the satisfaction of the court that the information cannot be obtained at the trial of the case by a subpœna *duces tecum.*" The rule there enunciated specifically applied to discovery sought for purpose of *preparing for trial* and does not apply where the rule is invoked to "enable plaintiff *to declare or answer* to any pleading of the defendant."

Similar distinction might be made of *People, ex rel. Cummer,* v. *Kent Circuit Judge,* 38 Mich. 351. This was pointed out in *Smith* v. *Wayne Circuit Judge,* 158 Mich. 588.

But in the instant case, plaintiffs do not seek discovery in order to prepare for trial but to enable them to plead and to answer.

Obviously, were plaintiffs required to await trial, and then secure an inspection of the documents, after they had been there produced by subpœna *duces tecum,* it would then not be of any benefit to them in the preparation of their pleading, unless amendments were then permitted. Such practice would result in confusion and delay and should, if possible, be avoided.

It seems to us that the very purpose of that portion of the rule here involved is to permit a party to seek information essential to the framing of his pleading. *Nestle* v. *Fleming,* 262 Mich. 417. It follows that he should be permitted such information before pleading. Otherwise that portion of the rule becomes senseless.

We have heretofore indicated that we favor a liberal construction of our discovery rules. *Vincent* v. *Van Blooys,* 263 Mich. 312; *Nestle* v. *Fleming, supra; Bartenbach* v. *Smith,* 268 Mich. 653 (95 A. L. R. 238).

In discussing the remedy of discovery, Mr. Justice Cardozo, speaking for the court in *Sinclair Refining Co.* v. *Jenkins Petroleum Process Co.,* 289 U. S. 689 (53 Sup. Ct. 736, 88 A. L. R. 496), stated:

"Help for the solution of problems of this order is not to be looked for in restrictive formulas. Procedure must have the capacity of flexible adjustment to changing groups of facts. The law of discovery has been invested at times with unnecessary mystery. There are few fields where considerations of practical convenience should play a larger role."

There is here no showing but that the discovery here sought is necessary to enable the plaintiffs to properly frame their pleading. It is admitted that the documents are in the possession of defendants, and can be produced. The papers sought affect the issues of the case. They have been refused plaintiffs.

This is not a case where defendants have made a showing that plaintiffs do not require the documents for the purpose claimed; neither does it seek the production of "confidential or privileged communications," nor is it one "to direct fishing expeditions into private papers on the possibility that (it) may disclose evidence" of liability (see *Federal Trade Commission* v. *American Tobacco Co.,* 264 U. S. 298

(44 Sup. Ct. 336, 32 A. L. R. 786), but, on the contrary, good faith and probable cause abundantly appear.

While we are not convinced that plaintiffs are entitled to the discovery sought in paragraph (b) of the prayer of their petition, which reads: "(b) All gift tax returns, and copies, work sheets and memoranda thereof, relating to said contribution," we are satisfied that they should have discovery of the balance of items prayed for therein.

Our writ of mandamus will, if necessary, issue. Plaintiffs will recover costs of this proceeding.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. POTTER, J., took no part in this decision.