HALLETT v. MICHIGAN CONSOLIDATED GAS CO.

1. DISCOVERY—CONSTRUCTION OF COURT RULES.
   The court rules relative to discovery by production of books and papers and by deposition should be liberally construed to the end that justice will be furthered rather than obstructed by their use (Court Rules Nos. 40, 41 [1933]).

2. SAME—PRODUCTION OF BOOKS AND PAPERS—DEPOSITION.
   Petitions seeking an order requiring defendant to produce books, records, and accounts and names of persons who had installed or repaired certain water-heating apparatus which had exploded and injured plaintiff fairly apprised defendant of the relief sought by plaintiff and were within the purview and intent of court rules relative to discovery by production of books and papers and by deposition (Court Rules Nos. 40, 41 [1933]).

3. SAME—PRODUCTION OF BOOKS AND PAPERS—SUBPOENA DUCES TECUM.
   The discovery of books and documents provided for by Court Rule No. 40 (1933) may generally be accomplished by *subpoena duces tecum* under Court Rule No. 41 (1933) when the names of witnesses are known.

4. SAME—PERSONAL INJURIES—EXPLOSIONS—PLEADING.
   Plaintiff who was injured when water-heating plant exploded was entitled to order of discovery requiring defendant to produce for deposition certain named persons and any other of its employees who have information relative to the cause of explosion and pertaining to water-heating apparatus used, to its installation and repair, and for books, records and accounts pertaining to such information where order does not require production or disclosure of confidential or privileged communications or reports and no showing is made that plaintiff does not require such information in order to plead his cause properly (Court Rules Nos. 40, 41 [1933]).

5. SAME—MOTION TO VACATE NOTICE—ISSUES.
   Right to take deposition under Court Rule No. 41 (1933) may be tested by motion to vacate notice, and issue then is whether reasons for notice and information sought disclose bona fide need in framing issue or preparing for trial.

6. SAME—GOOD FAITH—ABUSES.

It must be assumed that the right of discovery accorded by court rule is invoked in good faith and courts cannot anticipate an abuse or hold that possibility of abuse warrants inhibition of the right (Court Rules Nos. 40, 41 [1933]).

7. SAME—SCOPE OF INQUIRY—DISCRETION OF COURT.

The inquiry to be made on petition for discovery must be kept within legal bounds and witnesses interrogated only as to facts within their knowledge, not upon hearsay or irrelevant matters, that necessary to enable plaintiff to prepare his declaration being left to the discretion of the trial court (Court Rules Nos. 40, 41 [1933]).

8. SAME—ADMISSION OF EVIDENCE—DISCRETION OF COURT.

On hearing of petition for discovery, the question as to whether any certain written report or communication is admissible in evidence must primarily be left to the trial court (Court Rules Nos. 40, 41 [1933]).

9. SAME—PREPARATION OF PLEADING—SCOPE OF INQUIRY.

Order of discovery granted plaintiff, suing defendant for injuries sustained upon explosion of water-heating apparatus in a school building, in order to prepare his declaration is limited to a disclosure of the actual facts and conditions existing in the apparatus before or following the explosion by competent testimony and such inquiry cannot be enlarged to require production of books, documents and papers showing the result of the investigation made for defendant and submitted to it for its confidential use (Court Rules Nos. 40, 41 [1933]).

10. SAME—WITNESS FEES.

Order granting discovery by deposition must provide for payment of witness fees upon issuance and service thereunder of a subpoena or *subpoena duces tecum* (Court Rule No. 41 [1933]).

11. SAME—COSTS—MODIFICATION OF ORDER.

Although the trial court did not abuse its discretion in entering order for discovery by deposition and examination and by production of books, papers, and documents, where it is necessary to amend and clarify the order in accordance with objections interposed by defendant, costs on review by appeal in nature of mandamus are awarded appellant (Court Rules Nos. 40, 41 [1933]).

Appeal from Wayné; Sample (George W.), J., presiding. Submitted April 15, 1941. (Calendar No. 41,400.) Decided September 2, 1941.

Case by John C. Hallett against Michigan Consolidated Gas Company. Defendant reviews order permitting discovery and depositions by appeal in the nature of mandamus. Writ granted.

*Louis J. Colombo, Jr.,* for plaintiff.

*Angell, Turner, Dyer & Meek,* for defendant.

Boyles, J. February 3, 1939, plaintiff commenced suit by summons, and on January 27, 1940, filed a petition, stated to be in pursuance of Court Rule No. 41 (1933), for an order requiring defendant to produce books, records, and accounts and the names of persons who had installed or repaired certain water-heating apparatus. The petition alleged that plaintiff while employed as a janitor at the University of Detroit high school was severely injured by the explosion of certain water-heating apparatus, due to the negligence of the defendant company. The petition also asked that the order authorize the taking of depositions of any persons who might have knowledge as to the cause of said explosion, alleging that it was impossible for plaintiff to plead his cause properly without such knowledge and that it was solely within the control of the defendant. February 27, 1940, after due notice and hearing, the circuit judge entered an order directing the defendant to deposit with the clerk of the court the names and addresses of any and all persons who installed said water-heating apparatus, made any repairs, or performed any labor on the same; and also to file the names and addresses of any and all persons who made any investigation or

inquiry into the causes subsequent to the explosion. Thereupon, the defendant submitted the list of desired names and addresses to the plaintiff.

April 29th, plaintiff filed a second petition reciting the substance of his first petition and adding that the persons whose names and addresses had been furnished had been advised and cautioned by counsel for defendant not to give any information or discuss the matter with anyone, whereby plaintiff was prevented from obtaining information necessary to prepare his declaration. This petition asked for a further order authorizing the taking of depositions of the persons thus named "in accordance with the original petition." After notice and hearing, the court entered a second order directing defendant to produce certain named persons and any others in defendant's employ who had information with reference to the matter, before a named notary public, at a designated time and place, that their depositions be taken, and that plaintiff should have the right to interrogate them with reference to the cause of the explosion and the installation or repair of the apparatus. This order further required defendant to produce its books, records, and accounts. On leave obtained, defendant appeals in the nature of mandamus to compel setting aside of said order.

Defendant seeks to avoid compliance with the order on the ground that the petition, although apparently a petition for discovery, does not comply with Court Rule No. 40 (1933), for the reason that the affidavit accompanying the petition fails to state that the party is advised by counsel and verily believes the discovery to be necessary to enable him to plead, et cetera. It is true that Court Rule No. 40 provides for discovery upon the filing of such affidavit and does not provide for taking depositions, while Court Rule No. 41 on the contrary does not refer to discovery,

but authorizes the court to make an order for taking depositions of the opposite party, its officers or agents. Plaintiff evidently sought to combine both rules in his petition, although expressly stating that the petition was filed under Court Rule No. 41. Defendant's position seems to be that a strict compliance would require the filing of two petitions: One under Court Rule No. 40 for production and discovery; and another under Court Rule No. 41 for an order to take depositions. However, no injustice results from the procedure followed. This court has heretofore considered a petition filed under Court Rule No. 41 with *subpoena duces tecum* as a "petition for discovery." *Zoski* v. *Gaines*, 271 Mich. 1. Court Rules Nos. 40 and 41 should be liberally construed to the end that justice will be furthered rather than obstructed by their use. The petitions considered together leave no room for doubt that plaintiff had been advised by counsel and verily believed that the discovery was necessary to enable him to plead. Defendant was fairly apprised of the relief sought by plaintiff and it was within the purview and intent of these rules. Court Rules Nos. 40 and 41 are in substantial close relationship inasmuch as the discovery of books and documents provided for by Court Rule No. 40 may generally be accomplished by *subpoena duces tecum* under Court Rule No. 41 when the names of witnesses are known. *Layton* v. *Cregan & Mallory Co.,* 263 Mich. 30.

The second question raised by defendant is thus clearly stated in appellant's reply brief:

"Considerable argument is contained in appellee's brief on the point as to whether or not the circuit court was guilty of an abuse of discretion in entering the order in question. We have never contended that the court was guilty of an abuse of discretion. We have contended that that part of the order permitting

the plaintiff to have discovery by depositions and production of books and records relative to the investigation made by the defendant after the accident was beyond the power of the court under the provisions of Court Rules Nos. 40 and 41.

"In this connection it is important to have clearly in mind just what our position is. The order in question provided for three things. In the first place, it provided for discovery by depositions and production of records relative to the alleged installation of the water heater. We do not now claim and we never have claimed such discovery was improper. In the second place, the order provides for discovery by both depositions and the production of books and records as to repairs made upon the water heater by the defendant prior to the accident. On this point also we do not claim and never have claimed discovery was not proper. In the third place, the order provides for discovery by both depositions and the production of books and records relative to the investigation made by the defendant after the accident. On this point, and this point alone, do we contend that the court exceeded its authority."

The issue thus seems to be narrowed down to whether the plaintiff is entitled to take depositions from defendant's agents and employees as to the facts, circumstances, and condition of the heating equipment found by the defendant after the explosion. Presumably the defendant intends to narrow the issue even closer, claiming that it cannot be compelled to disclose the "result of the investigation" by production of books, papers, and reports relative to the investigation. Thus narrowed, the issue does not seem to be settled in the order appealed from. This order directs the defendant to produce for deposition certain named persons "and any other persons in the employ of said defendant company who have any information with reference to the in-

formation desired by the plaintiff as hereinafter set forth." The order then provides:

"It is further ordered that the plaintiff shall have the right to interrogate said persons upon the taking of their depositions with reference to the following facts: Said witnesses shall be interrogated with reference to the manner or cause of the explosion which occurred on the 3d day of August, 1937, at the University of Detroit High School in which the plaintiff, John C. Hallett, was injured; and pertaining in any wise to the apparatus used for heating hot water installed in said high school, and pertaining in any manner to the installation of said apparatus, repairs made or labor performed on said apparatus.

"It is further ordered that upon the taking of said depositions, defendant company shall be required to produce its books, records and accounts in any wise pertaining to the requested information set forth above."

There is nothing in the wording of this order which necessarily indicates that the defendant has been expressly ordered to produce or disclose confidential or privileged communications or reports. No showing to that effect is made by defendant; neither does defendant make a showing that plaintiff does not require the documents for the purpose claimed. "On the contrary, good faith and probable cause abundantly appear." *Scarney* v. *Clarke,* 276 Mich. 295, 304.

"Right to take the deposition can be tested by motion to vacate the notice. The issue then is whether the reasons for the notice and the information sought disclose a *bona fide* need in framing an issue or preparing for trial. The examination must not be for the purpose of enabling one party merely to pry into the case of the other to learn its strength or weakness, but only to seek information essential to the

framing of appropriate issues and preparation for trial thereof.    *    *    *

"We must assume that the right accorded by the rule is invoked in good faith, and we cannot anticipate an abuse nor hold that possibility of abuse warrants inhibition of the right." *Nestle* v. *Fleming,* 262 Mich. 417, 418, 419.

Such an inquiry must, of course, be kept within legal bounds (*Nestle* v. *Fleming, supra*). Witnesses should be interrogated only as to facts within their knowledge, not upon hearsay or upon irrelevant matters. The line of demarcation between a "fishing expedition" and a *bona fide* need for the purpose of enabling plaintiff to prepare his declaration must be left to the discretion of the trial judge.

"In *Vincent* v. *Van Blooys,* 263 Mich. 312, this court pointed out the purpose and advantages of the discovery procedure, indicating that if evils should develop from an abuse of the rule, a remedy would be found. (Also, see *Fisher* v. *Smith,* 259 Mich. 279, and *Nestle* v. *Fleming,* 262 Mich. 417.) The discovery practice has been used to advantage in Ontario and in many jurisdictions in this country, and its benefits are manifold, while many of the evils which it was feared would result from its use have failed to materialize. See Ragland on 'Discovery before Trial.'    *    *    *

"We might add that the rule is still in an experimental stage and its operation must be left to the discretion of the trial judges, so that its advantages and benefits, as experienced by other States, may be fully realized, and the evils, if any, be eliminated." *Bartenbach* v. *Smith,* 268 Mich. 653, 657, 659 (95 A. L. R. 238).

The question as to whether any certain written report or communication is admissible in evidence must primarily be left to the trial court. This court can-

not, without an opportunity for examination and in advance of the actual circumstances, decide such issue of admissibility. And, in this connection, it must be borne in mind that the depositions sought in the instant proceeding are not for the purpose of being received in evidence in the trial of a cause. If the documents sought for examination should prove to be admissible, the statement of Mr. Justice Toy in *Scarney* v. *Clarke, supra,* 302–304, would be particularly appropriate to the case at bar:

"Obviously, were plaintiffs required to await trial, and then secure an inspection of the documents, after they had been there produced by *subpoena duces tecum,* it would then not be of any benefit to them in the preparation of their pleading, unless amendments were then permitted. Such practice would result in confusion and delay and should, if possible, be avoided.

"It seems to us that the very purpose of that portion of the rule here involved is to permit a party to seek information essential to the framing of his pleading. *Nestle* v. *Fleming,* 262 Mich. 417. It follows that he should be permitted such information before pleading. Otherwise that portion of the rule becomes senseless.

"We have heretofore indicated that we favor a liberal construction of our discovery rules. *Vincent* v. *Van Blooys,* 263 Mich. 312; *Nestle* v. *Fleming, supra; Bartenbach* v. *Smith,* 268 Mich. 653 (95 A. L. R. 238).   *   *   *

"This is not a case where defendants have made a showing that plaintiffs do not require the documents for the purpose claimed; neither does it seek the production of 'confidential or privileged communications,' nor is it one 'to direct fishing expeditions into private papers on the possibility that (it) may disclose evidence' of liability (see *Federal Trade Commission* v. *American Tobacco Co.,* 264 U. S. 298, 44 Sup. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 786), but,

on the contrary, good faith and probable cause abundantly appear.''

In the case at bar, plaintiff seeks to ascertain the condition of the heating apparatus subsequent to the explosion. In the case of *Magel* v. *Kulczynski,* 276 Mich. 424, the plaintiff in an automobile collision action sought to compel the circuit judge to modify and enlarge an order allowing plaintiff to take a deposition in advance of trial under Court Rule No. 41 (1933). The order allowed a deposition to be taken as to the condition of and damage to defendant's automobile subsequent to the collision. The right to do so was not questioned in that case. This court held (pp. 427, 428):

''By the express terms of the rule governing this practice the trial court may, *in its discretion,* grant or deny the application to take the deposition of an opposite party. See Court Rule No. 41 (1933). In commenting on this court rule Justice BUTZEL in *Bartenbach* v. *Smith,* 268 Mich. 653, 659 (95 A. L. R. 238), said:

'' 'We might add that the rule is still in an experimental stage *and its operation must be left to the discretion of the trial judges,* so that its advantages and benefits  *  *  *  may be fully realized, and the evils, if any, be eliminated.'

''Nothing short of a clear showing of a *bona fide* need in framing an issue or preparing for trial would justify this court in reversing an order of the trial court denying an application to take the deposition of the opposite party. *Zoski* v. *Gaines,* 271 Mich. 1.

''Not only was the granting or denying of the order sought by appellant discretionary with the trial judge, but on review of his order in the nature of mandamus, it must be borne in mind that granting or denying the writ of mandamus by this court is also a matter of discretion. *Sherman* v. *Atwood,* 274 Mich. 621. It should not issue in the absence of a showing

that there has been a violation of a clear legal right possessed by the party seeking the writ. *George N. Fletcher & Sons* v. *Alpena Circuit Judge,* 136 Mich. 511; *Wilson* v. *Cleveland,* 157 Mich. 510 (133 Am. St. Rep. 352)."

*Layton* v. *Cregan & Mallory Co., supra,* bears closely upon the question at bar. The circuit court made an order requiring defendant to produce certain insurance policies and correspondence claimed to be necessary to enable plaintiff to prepare for trial. Plaintiff was suing for damages arising out of an automobile accident. Defendant denied ownership of the car or that the driver was its employee. This court upheld an order requiring the defendant to produce its insurance policies and personal correspondence between the defendant and the insurance company relating to the accident. It was held that disclosure of the correspondence between the defendant and the insurance company bearing upon whether the car was being driven by an employee of the defendant with its knowledge and consent was properly within the province of the order.

Comparatively recent procedure for compelling discovery of the facts and circumstances of a controversy in advance of joining issue or in advance of trial is well established. It is somewhat along the same line as the statute providing for calling an opposite party for cross-examination, which was an innovation against the common law. The recent trend and purpose of statutes and court rules is to provide accurate information in advance of trial as to the actual facts and circumstances of a controversy. We have already said such rules must be liberally construed. They should promote the discovery of the true facts and circumstances of a controversy, rather than aid in their concealment.

Defendant's sole complaint is aimed at that part of the order which, under defendant's interpreta-

tion, might be construed to compel defendant to disclose the ''result of its investigation.'' If the order is to be given that construction, there is merit in defendant's contention. We have tried to point out that the inquiry must be limited to a disclosure of the actual facts and conditions existing in the water-heating apparatus following the explosion; and that this must be done by competent testimony. The inquiry cannot be enlarged by requiring the production of books, documents and papers showing the ''result of the investigation'' made by investigators for defendant and submitted to defendant for its confidential use. The order should more definitely limit the scope of the discovery in that regard.

Another infirmity of the order is that it may be construed to compel defendant to supply witnesses and provide books, documents, and papers at its own expense. The order is silent in that regard. Court Rule No. 41 provides that:

''The scope of such deposition, the time, the place, the person before whom the same is to be taken and the manner of taking the deposition may be fixed in such order.''

Good practice requires that the customary procedure in taking depositions be followed to the extent of issuing and serving a subpoena, or a *subpoena duces tecum,* on each witness, with payment of witness fees. The order must be clarified in that regard.

We hold that the trial court did not abuse its discretion in entering an order for discovery by deposition and examination under Court Rule No. 41 in conjunction with the production and discovery of books, papers, and documents under Court Rule No. 40, to enable plaintiff to declare. However, to the extent complained of by appellant, the order is not conclusive and should be amended to conform to this opinion. It is possible that the order complained of

might be given the construction placed on it by defendant. Disclosing the "result of the investigation" might be considered to include the production of confidential reports made to defendant by its investigators which otherwise would not be admissible, and perhaps hearsay testimony which would be equally inadmissible. The order should be clarified definitely to exclude from its scope the production of confidential reports or any inquiry from any witness not based on actual knowledge. The investigation must be limited to admissible testimony as to the condition of the heating apparatus either before or after the explosion, from those persons specified in Court Rule No. 41, viz: the opposite party or parties, its or their officers and agents, or any person who for such opposite party has verified a pleading or an affidavit attached thereto. If necessary, the writ may issue. Costs of appeal to appellant.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.