DOWOOD COMPANY *v.* MICHIGAN TOOL COMPANY

1. DISCOVERY—DEPOSITIONS—SCOPE OF PERMISSIBLE DISCOVERY.
   The discovery rules should be liberally construed to promote discovery of the facts and circumstances of the controversy (GCR 1963, 302.2).

2. SAME — SCOPE OF PERMISSIBLE DISCOVERY — PRIOR ACCIDENTS CAUSED BY ALLEGEDLY UNSAFE PRODUCT.
   In action to recover damages resulting from a fire caused by defendant's allegedly unsafe product, on an examination before trial of the employee of defendant who had formulated the product, plaintiff may ask him about any fires prior to the fire involved in the action, to establish notice to defendant of the nature of its product.

3. SAME—SCOPE OF PERMISSIBLE DISCOVERY—DESTRUCTION OF TEST RESULTS.
   In action to recover damages resulting from a fire caused by defendant's allegedly unsafe product, on an examination before trial of the employee of defendant who had formulated the product, plaintiff may inquire into the circumstances of a fire, whenever it occurred, which defendant's employee claimed destroyed the results of tests he had made on the product.

4. SAME—SCOPE OF PERMISSIBLE DISCOVERY—ADMISSIBILITY OF EVIDENCE.
   A party seeking certain evidence while taking the deposition of an employee of the other party in the action need not show conclusively in advance that the evidence will be admissible at the trial in order to obtain the answers he seeks because the trial judge can adequately protect the rights of the parties by his trial rulings.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur, Depositions and Discovery § 144.
[2] 23 Am Jur, Depositions and Discovery §§ 48, 49.
[3, 4] 23 Am Jur, Depositions and Discovery § 14 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 723 *et seq.*

5. Appeal and Error—Points Not Presented on Appeal.

The Court of Appeals will not consider questions not squarely presented on appeal and not briefed and argued before the court except by passing reference.

Appeal from Wayne, Dingeman (Harry J., Jr.), J. Submitted Division 1 January 12, 1968, at Detroit. (Docket No. 3,383.)   Decided October 25, 1968.

Complaint by Dowood Company against Michigan Tool Company and by Charles H. Tatham and Ruth Kaye against Michigan Tool Company for breach of warranty.   Plaintiffs moved to require one of defendant's employees to respond to certain questions by deposition.   Motion denied.   Plaintiffs appeal.   Reversed and remanded.

*Robert R. Lewiston,* for plaintiffs.

*Cary, BeGole, Martin, Bohall & Joselyn,* for defendant.

Beer, J.   The two cases consolidated here for appeal present a single question relating to the scope of examination on oral deposition.   Plaintiffs are the Dowood Company and two of its officers.

In May, 1966, defendant sold a swimming pool additive called "Swim Gem" to Dowood for resale to retailers and consumers to be used in sanitizing swimming pools and foot baths.   Plaintiffs claim that a quantity of this product was stored on their premises on June 5, 1966, when, in the middle of the night, without witnesses present, a fire started.   Subsequently these actions were instituted for the recovery of damages allegedly arising therefrom. Other fires occurred in the Detroit area before and after June 5, which might have involved "Swim

Gem." Included among them was a fire at the defendant's plant, which occurred on June 21, 1966.

After the action was commenced, plaintiffs took the deposition of John Decker, an employee of defendant, who had formulated the product. He testified about several safety tests conducted prior to offering "Swim Gem" for sale. When asked where the test results were, he said that they had been destroyed in a fire. On all questions about the cause and circumstances of this fire, and other fires which had occurred in the Detroit area subsequent to June 5, defendant's counsel instructed Decker not to answer, claiming such questions were irrelevant and inadmissible.

Plaintiffs then filed a motion to require Mr. Decker to respond to the questions with respect to the fires of which he had knowledge or had been apprised. Upon denial of the motion, plaintiffs filed a complaint here for superintending control, which was treated as an application for leave to appeal and granted because it presented an issue of major significance to the jurisprudence of this State. GCR 1963, 806.3(1)(a)(ii).

The scope of examination on deposition is set forth in GCR 1963, 302.2, which provides insofar as it is pertinent here:

"(1) Persons taking depositions unless for good cause otherwise shown as provided by sub-rules 306.2 and 306.4, shall be permitted to examine the deponent regarding any matter not privileged which is admissible under the rules of evidence governing trials and relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible

things, and the identity and location of persons having knowledge of relevant facts."

Defendant urges the plaintiffs have failed to show that Mr. Decker's deposition testimony, particularly as to fires subsequent to June 5, has any relevancy to the issues in the case and would be inadmissible. As to the other fires of which Mr. Decker may have had hearsay knowledge, defendant urges that he could not be asked questions requiring answers based on hearsay. We have given careful consideration to defendant's argument, but believe that it is based upon an overly restrictive view of the court rule. The discovery rules should be liberally construed to promote the discovery of the true facts and circumstances of the controversy rather than to aid in their concealment. *Hallett* v. *Michigan Consolidated Gas Company* (1941), 298 Mich 582, 592.

Plaintiffs were clearly entitled to ask Mr. Decker about any fires occurring prior to the plaintiffs' fire of June 5th if for no other reason than to establish notice on the part of the defendant of the nature of its product. *Cf. Freed* v. *Simon* (1963), 370 Mich 473. Defendant does not argue to the contrary. It is its position that fires subsequent to June 5th are irrelevant and therefore Mr. Decker's testimony concerning them would be inadmissible.

As to the fire in which Mr. Decker's test results were destroyed, whenever it occurred, the plaintiffs were entitled to full inquiry. GCR 1963, 310.3.[1] Besides, as to discovery under GCR 1963, 310 (relating to documents and other tangible objects), the admissibility requirements were deleted by a 1965 amendment to the rule.[2]

---

[1] "If the party or person claims that the item is not in his possession or control or that he does not have information calculated to lead to discovery of its whereabouts, he may be ordered to submit to examination in open court or by deposition regarding such claim."

[2] See *Otto Taylor Construction Company* v. *Saginaw Circuit Judge*

Concerning fires subsequent to that of plaintiffs', defendant asks us to hold now in advance of trial that all evidence of such fires is inadmissible for any purpose. This we decline to do. Defendant relies principally upon *Branch* v. *Klatt* (1912), 173 Mich 31. But the evidence excluded in *Branch* related to subsequent occurrences involving movements of people rather than, as here, conditions of inanimate objects. The significance of this distinction was pointed out in *Central Vermont R. Co.* v. *Soper* (CA 1, 1894), 59 F 879.[3] Michigan recognizes this distinction as well. *McNamara* v. *E. W. Ross Co.* (1923), 225 Mich 335 (evidence of other silos rusting admitted in breach of warranty suit); *Wight* v. *H. G. Christman Co.* (1928), 244 Mich 208 (evidence of other fires caused by sparks from a defective steam power machine admitted); and *Savage* v. *Peterson Distributing Company* (1967), 379 Mich 197 (mink deaths experienced by other mink ranches admitted against supplier of mink food alleged to be contaminated).[4]

(1964), 372 Mich 376, which presaged this change (also 375 Mich pp xv, xvi).

[3] "Those portions of the evidence of Linton and Jenkins which were objected to relate entirely to the tendency of things,—inanimate objects,—being, in this case, the machinery. The plaintiff in error has argued as though they related to the peculiar habits of certain specified human beings. The distinction is a broad one; and, if it is kept in mind, the evidence was clearly admissible, for the purpose, not of showing that the employes of the defendant below were negligent, but of showing facts, some of which the jury might, perhaps, have assumed without evidence, namely, that it is the tendency of certain parts of rapidly-running machinery to get heated, and of dust in mills where grain is ground or stored to be of a highly in-

[4] See, also, *Gall* v. *Union Ice Co.* (1951), 108 Cal App 2d 303 (239 P2d 48) (evidence of another explosion of a sulphuric acid drum on the same day admitted); *Gober* v. *Revlon, Inc.* (CA 4, 1963), 317 F2d 47 (evidence of subsequent dermatitis cases caused by nail polish base coat admitted); *Bleacher* v. *Bristol-Myers Company* (1960), 53 Del 1 (163 A2d 526) (discovery allowed as to defendant's investigation of other persons injured from use of its deodorant).

Conceding *arguendo* that defendant is correct in saying the other fires have no relevance unless it is shown they occurred under conditions substantially similar to the one involving plaintiffs, it does not follow that plaintiffs must prove similarity of conditions before deposing Mr. Decker and others about such fires. Such a condition precedent to discovery might well be insurmountable, requiring plaintiffs to demonstrate that they have no need for discovery before they can obtain it.[5]

If it should develop that the evidence of other fires is inadmissible for any reason, the trial judge can adequately protect the rights of the parties by appropriate trial rulings. But we are at the pretrial stages and we hold that the evidence of other fires is presumptively[6] admissible, but with the caveat that this is not to be construed as the law of the case beyond the discovery stage.

Finally, defendant points out that the order plaintiffs sought in circuit court would require Mr. Decker to give hearsay testimony. We cannot now rule on this point. The precise questions to be asked are not before us. Hearsay may not be a valid objection if plaintiffs are attempting to discover identity of persons having knowledge of relevant facts or the existence of relevant tangible evidence even though such evidence would be admissible only as impeachment of *possible* defense evidence at trial.[7] But we

---

[5] This is reminiscent of Will Rogers' description of a bank as a place where a man can borrow some money if he can prove he doesn't need to.

[6] "We must assume that the right accorded by the [discovery] rule is invoked in good faith, and we cannot anticipate an abuse nor hold that possibility of abuse warrants inhibition of the right." *Nestle* v. *Fleming* (1933), 262 Mich 417, 419.

[7] In this context, the following comment in 2 Honigman & Hawkins, Michigan Court Rules Annotated, p 42, has doubtful application:

"Inquiries seeking leads to other evidence may frequently be impossible, or if made, be objected to, on the ground that they call for hearsay."

are not prepared to set out the precise limits in such an area. The point is not squarely presented on this appeal and was not briefed and argued here except in a passing reference in defendant's brief. We leave initial resolution of the question to the learned trial judge.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to appellants.

T. G. KAVANAGH, P. J., and LEVIN, J., concurred.

*Cf. Kalamazoo Yellow Cab Co.* v. *Kalamazoo Circuit Judge* (1961), 363 Mich 384, decided when admissibility was a requirement of discovery of written documents.